Horn vs. The Chicago & Northwestern Railway Company.

| 38 | 463 |
|----|-----|
| 77 | 254 |
| 38 | 463 |
| 78 | 211 |
| 38 | 463 |
| 99 | 80 |
| 38 | 463 |
| d111 | ¹631 |
| 111 | 636 |

HORN vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

PLEADING: EVIDENCE: ERROR. (1, 2) *Rule as to pleading general statutes, and as to private statutes or local customs or by-laws.* (3) *When judgment not reversed for admission of improper evidence.*

RAILWAYS: CITY CHARTER. (4) *Speed of train: Franchise of railway company limited by general statute.* (5) *Rights of company under its charter and the general statute.* (6) *Further limitation by a city ordinance held void.* (7) *Query as to legislative power to delegate to a city control of railroad franchise.*

1. In an action for an injury caused by a railroad train within a city of this state, the court takes notice of public statutes of the state regulating the rate of speed, and they need not be pleaded; but a private statute, or a local custom or by-law, if relied upon, must be pleaded.

2. In this action for injuries to the plaintiff by defendant's train in the city of Janesville, it was improper to admit in evidence for plaintiff an ordinance of that city not pleaded in the complaint, and tending to vary the legal conditions of defendant's liability.

3. As the admission of the ordinance was not objected to specifically on the ground above mentioned, and as the objection, if taken, might perhaps have been obviated by amendment, the court would hesitate to reverse a judgment on that ground alone.

4. Under secs. 37 and 43 of the general railroad law of 1872 (continuing secs. 23, 41, ch. 79, R. S.), the restraints placed upon railroad companies as to their rates of speed at highway crossings and within incorporated cities, are limitations of the franchise; and violations of them are expressly made criminal by the statute.

5. Defendant's charter authorizes unlimited speed, in general, in running its trains; while the railroad law of 1872 limits the rate of speed within incorporated cities to six miles an hour. *Held*, that the franchise and the regulation, taken together, are positive authority for the rate last named in cities.

6. The charter of Janesville authorizes the city to enact ordinances "not repugnant to the constitution and laws of this state," *inter alia*, "to regulate and restrain the speed of cars in passing through said city." An ordinance of said city prohibits, under penalty, the running of trains in certain parts of the city at a greater speed than *five* miles an hour. *Held*, that in this respect the ordinance is repugnant to the general statute, and *void*.

7. Whether and how far the legislature can delegate to municipalities power to limit by local regulations the exercise of the franchise of railroad corporations, is not here considered.

APPEAL from the Circuit Court for *Dane* County.

On the 26th of November, 1872, in the evening, while the plaintiff was traveling in a wagon drawn by one horse across defendant's track where the same crosses a highway in the city of Janesville, one or more cars belonging to defendant were thrown off from the switch engine and backed down upon the track, and struck and broke the plaintiff's wagon, throwing him out and inflicting upon him certain personal injuries. This action was brought to recover for the injuries thus sustained. The complaint alleged that the accident was caused by the negligent, unskillful and wrongful acts of defendant's servants in handling the cars and the engine to which they had been attached; but it did not specifically plead any ordinance of the city of Janesville, or allege a violation thereof. During the trial, plaintiff introduced in evidence an ordinance of said city "to regulate the running of railroad cars and trains and restrain the speed thereof" in that city. This ordinance provided, among other things, that no locomotive en-

gine, passenger or freight car or train, should be propelled along any railroad track within the city, between certain limits (which, it seems, include the place where the accident in question occurred), " at a greater rate of speed than five miles per hour " (sec. 1); that no such engine, car or train should be driven along any railroad track in said city, within said limits, in the night time, without having upon the advancing end of such engine, car or train, a brilliant and conspicuous light (sec. 2); that no such engine, car or train should be propelled backward within the same limits, without having stationed on the advancing end thereof a man whose duty it should be to keep the track free from obstructions, etc. (sec. 3); that the bell of every locomotive engine should be "rung continually to its full tone " while the engine should be in motion within the limits naměd (sec. 5); and that the company and its servants should be liable to a penalty of not less than $25 nor more than $50 for every violation of any provision of the ordinance (sec. 6). Defendant objected to the admission of this ordinance in evidence, "and made a several and distinct objection to each section thereof," on the grounds that the same was incompetent, irrelevant and immaterial; that it was obsolete and invalid; that the common council of Janesville had no authority to pass it; and that there was no sufficient proof that it had ever been been published or was then in force. The objection was overruled, and the ordinance read in evidence. The testimony for the plaintiff tended to show that the cars in question were moving at the rate of ten or twelve miles an hour; that the bell upon the engine was not rung; and that there was no light upon the end of the car nearest the plaintiff's team, nor any person there or on the street crossing to give warning, etc. The court submitted to the jury the question whether the bell upon the engine was rung; and, if not, whether " common and ordinary prudence required it, in view of the other precautions used and facts proven;" and, if so, whether the omission of such ringing caused the accident.

Precisely similar instructions were given in regard to the alleged want of proper lights, or of any person on the street, or on the end of the car, to give warning. Certain instructions were given (to which no exception seems to have been taken) in reference to the care required of the defendant, " independent of the provisions of any ordinance or police regulations of the city " of Janesville; and in reference to the ordinance above mentioned the court said: " I do not think it changes the law as I have given it to you. If the regulations it requires are reasonable, and such as ordinary care would require without it, it is a valid ordinance; if not, it is not."

The plaintiff had a verdict and judgment; and the defendant appealed.

*Wm. Ruger*, for appellant, argued, among other things, that the city ordinance was improperly admitted in evidence. 1. It is invalid for lack of authority in the council to pass it. There being a special delegation to the council of authority on the subject of railways, the general delegations of power in the charter do not apply; and we must look to the special provisions on this subject to ascertain the power of the council in the premises. Dillon on Mun. Corp., § 250 and notes; *City Council v. Plankroad Co.*, 31 Ala., 76; *Mount Pleasant v. Breeze*, 11 Iowa, 399 ; *State v. Ferguson*, 33 N. H., 424. The specific authority conferred is, to make and enforce ordinances " not repugnant to the constitution and laws of this state * * to regulate and restrain the speed of cars in passing through said city." All the provisions of the ordinance relating to other matters than *speed* are wholly unauthorized ; and that relating to speed is repugnant to the general statute, ch. 119, Laws of 1872. 2. If the ordinance is valid, the only liability incurred by its violation is the penalty prescribed by sec. 6. Rights of action of a civil nature, as between private citizens, can be given only by the general legislative authority of the state. *Brown v. Railroad Co.*, 22 N. Y., 191. 3. The ordinance was

irrelevant as evidence, because it was not pleaded. Dillon on Mun. Corp., § 50 and note 3, and § 346 and notes.

*Sloan & McElroy* and *John Winans*, for respondent, contended that the city had power to make the ordinance put in evidence, citing from the charter (P. & L. Laws of 1866, ch. 474) the provisions of ch. 1, sec. 2; ch. 4, sec. 4, subd. 26; ch. 6, sec. 1; also Dillon on Mun. Corp., § 565 and notes; Redf. R. W. (2d ed.), 616; id. (3d ed.) 646; *Railroad Co. v. Buffalo*, 5 Hill, 209; *Whitson v. Franklin*, 34 Ind., 392; *City of Janesville v. R. R. Co.*, 7 Wis., 484. They also contended that in view of the instructions given to the jury concerning the ordinance, there was at least no error of which the defendant could complain.

RYAN, C. J. The advantages and dangers of transportation by railroad are inseparable, resting alike on power and rapidity of movement. The external danger is most apparent where these roads cross other highways, proportionally with density of population. Therefore, while the franchise of railroad corporations licenses generally unlimited speed, power is reserved to the legislature to regulate the exercise of the franchise for public security. Hence such provisions as secs. 23 and 41, ch. 79, R. S., continued in secs. 37 and 43 of the general railroad act of 1872.

And we cannot agree with the learned counsel of the respondent that these are only expressions of legislative opinion, mere admonitions of proper care in the guidance of the *vis armata* of railroad trains. Undoubtedly, as well within these restraints as under the general franchise, railroad corporations are bound to due care in the exercise of their powers. But the restraints are as positive as the franchise, are positive limitations of the franchise; and violations of them are not unlawful only, but are criminal, so expressly made by both statutes. See *McCall v. Chamberlain*, 13 Wis., 637; *Langhoff*

*v. Railway Co.*, 19 id., 489; *Ewen v. Railway Co.*, decided at this term, and other cases in this court. And railroad trains, violating any of these salutary provisions, take all the consequences of unlawful and criminal acts.

The franchise authorizes unlimited speed in general; the statute limits the rate of speed within incorporated cities to six miles an hour; and the franchise and the regulation, taken together, are positive authority for that rate in cities.

And when an action is brought, like this, for injury by a railroad train within a city of the state, the statute regulating railroad movement within cities governs the case, without being pleaded, because it is public law applicable to the facts, of which the court takes judicial cognizance. If such an injury should be averred in some city of another state, the presumption might arise that the law of that state is the same as our own. But if the statute of that state should be different, and if it should be relied on to govern and could properly govern the action here, it would be necessary to plead and prove it. *Rape v. Heaton*, 9 Wis., 328; *Walsh v. Dart*, 12 id., 635; *Kellam v. Toms*, decided at this term. For courts cannot take judicial cognizance of foreign law; and not the facts only, but the law governing the facts, should be patent in every pleading. And if the law relied on to govern the facts be other than the public law of the land, it must be pleaded so as to appear to the court.

And so when a party relies on a private statute or a local custom or by-law to govern his case, it also must be pleaded, for these are not part of the public law of which courts can take judicial cognizance. Stephen's Pl., 346; 1 Chitty's Pl., 216; *Hewitt v. Grand Chute*, 7 Wis., 282; *Janesville v. R. R. Co.*, id., 484.

In the present case, on the face of the pleadings, the judicial presumption is that the case is exclusively governed by the public law of the state, and that all enactments regulating the movements of railroad trains within the city of Janesville are

to be found in the public statutes of the state. But the respondent relied on an ordinance of that city modifying and enlarging the statutory regulations. If this had been by private statute, the respondent should have pleaded it; *a fortiori* being by city ordinance, of lower authority and less obligation. As the ordinance is not pleaded, there is certainly a presumption against such local modification of the public law. And it would be anomalous and dangerous to suffer causes to go to issue and trial upon latent obligations of local authority, different from the general law of the state.

Therefore, the ordinance of the city, not pleaded in the complaint, was improperly admitted in evidence on the trial. It tended to vary the legal conditions of the appellant's liability, and was therefore incompetent within the appellant's objection. But, as the specific ground that the ordinance was not pleaded was not assigned in the court below to support the appellant's objection, and as the objection might perhaps have been removed by amendment on the trial, we would hesitate to reverse the judgment on that ground alone. But there is another objection which is fatal to the admission of the ordinance, as it was admitted, in evidence.

The question was not argued at the bar, and we are not prepared to consider it, whether and how far the legislature can delegate to municipalities, and they can exercise, power to limit, by local regulations within their boundaries, the exercise of the franchise of railroad corporations; a question surely not determined in *Janesville v. R. R. Co., supra*. Neither was there any discussion at the bar of the various provisions of this ordinance in detail. But there is one which was considered on the argument, and which appears to us to be manifestly fatal to the validity of the ordinance, as a whole, as it was submitted to the jury. We do not pass upon the other provisions of the ordinance.

The first section limits the rate of railroad speed in certain parts of the city to five miles an hour. The right of the

city to pass the ordinance is claimed under sec. 4, ch. 4 of its charter, which authorizes the city to enact ordinances " not repugnant to the constitution and laws of the state," *inter alia,* " to regulate and restrain the speed of cars in passing through said city." Ch. 474 of 1866.

The rate of speed under the ordinance is one mile an hour less than under the statute. And we have to say of this provision of the ordinance, as of those of the statute, that it cannot be regarded as simply admonitory. It·is in terms prohibitory, under a penalty for violation. It undertakes to prohibit the rate of speed licensed by the statute. It is therefore repugnant to the statute, *ultra vires,* and void.

For these reasons, the judgment of the court below must be reversed, and the cause remanded for trial.

*By the Court.* — It is so ordered.