Stittgen vs. Rundle.

---

STITTGEN, Respondent, vs. RUNDLE, imp., Appellant.

*March 3 — March 22, 1898.*

*Judicial notice: City ordinances: Appeal: Arrest without warrant.*

1. Courts will not take judicial notice of the acts and ordinances of municipal corporations.

2. Ordinances of a municipal corporation which are not mentioned in the pleadings nor introduced in evidence will not be considered on appeal.

3. A police officer cannot lawfully arrest a person for a misdemeanor without a warrant, unless it was committed in his presence, even though there may be a city ordinance giving him authority to do so.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

This action was brought against Patrick J. Gleason and
*E. K. Rundle* to recover damages for an alleged false im-
prisonment.   The arrest is said to have been without cause
and without process of law.   The defendants answered, al-
leging that Gleason was a police officer of the city of Mil-
waukee; that plaintiff committed a breach of the peace, and
that *Rundle* and one Wolfert informed Gleason of the fact,
and thereupon he arrested plaintiff.   Henry Wolfert was
named as defendant, but was not served.   At the close of
the testimony the court charged the jury that plaintiff's
arrest was without process, and that, the offense for which
he was arrested being a misdemeanor not committed in view
of the officer, the only question for them to determine was
whether *Rundle* directed or caused plaintiff's arrest, and the
amount of damages sustained.   The jury brought in a ver-
dict for plaintiff for $400 damages against both defendants.
A motion for a new trial was denied, and judgment was en-
tered on the verdict, from which the defendant *Rundle* ap-
peals.

*Henry L. Buxton,* for the appellant.

For the respondent the cause was submitted on the brief
of *J. E. Wildish.*

BARDEEN, J.   Some twenty different exceptions were taken
to the charge of the court at the trial, but the only ones re-
lied on by appellant are printed in his brief as follows:  " A
constable or police officer is a conservator of the peace, and
has the right to arrest persons for a breach of the peace
committed in his view, but he has no right to arrest one
who has committed a breach of the peace concerning which
he (the officer) has merely the information of third persons,
and which was not committed in his view."   " So, in this
case, I instruct you that the evidence is uncontradicted that
the arrest of the plaintiff in this action by the officer was
without due process.   I instruct you, therefore, that the

Stittgen vs. Rundle.

plaintiff is entitled to recover damages against the defendant Officer Gleason, because there is no pretense that he arrested this plaintiff for an offense, breach of the peace, or disorderly conduct committed within view of the officer who made the arrest." This is supposed to be bad law, because it is said to be contrary to an ordinance of the city of Milwaukee regulating the conduct of and granting authority to policemen of that city in cases of misdemeanors. The ordinance was not mentioned in the pleadings or introduced in evidence, and first makes its appearance in the case when printed in appellant's brief. The obligations of courts are sufficiently burdensome when they are required to take cognizance of all acts creating and granting powers to municipal corporations. They have uniformly refused to take notice of the acts and ordinance of such bodies except upon due proof. Jones, Ev. § 117; *Pettit v. May*, 34 Wis. 666, 674; *Cox v. St. Louis*, 11 Mo. 431. And the introduction of such an ordinance in evidence when not pleaded, against proper objection, is error. *Horn v. C. & N. W. R. Co.* 38 Wis. 463.

There is no pretense or claim that respondent, at the time of his arrest, was doing any act that would justify his being taken into custody. The act complained of had been committed some twenty or thirty minutes previous to the arrest, and not in the presence of the officer who made the arrest. An arrest without warrant has never been lawful except in those cases where the public security requires it; and this has only been recognized in felony, and in breaches of the peace committed in the presence of the officer. 2 Am. & Eng. Ency. of Law (2d ed.), 869; *In re Way*, 41 Mich. 299, 304. The charge of the court seems clearly within the lines above indicated.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.