Village of Prentice, Respondent, vs. Nelson and others, Appellants.

*January 13—January 28, 1908.*

*Pleading: Allegations of complaint: Demurrer: Appeal: Briefs: Citation of foreign decisions: Village treasurer: Action on bond: Breach: Demand.*

1. In an action on a village treasurer's bond, allegations of the complaint that such treasurer was "the duly qualified treasurer of the plaintiff village" between certain dates, that his bond was "duly approved," and that his successor was "duly elected and qualified," are not open on demurrer to the criticism that necessary allegations of fact are supplied only by conclusions of law.

Prentice v. Nelson, 134 Wis. 456.

2. Where the ultimate fact essential to a cause of action is brought into existence by a series of detail acts and events, it is entirely competent and sufficient to plead those detail acts according to their legal effect.

3. Where the ultimate facts are so pleaded in a complaint, that instrument is not obnoxious to a demurrer, but, at most, to a motion to make more specific upon a showing that it is material to the understanding of the controversy that some or all of the specific acts, conduct, or events be set out.

4. The citation in a brief of cases from other states which have not adopted rules contained in the Code is misplaced industry. They cannot be useful nor are they authority in the face of expression of our own supreme court.

5. In an action on a village treasurer's bond the complaint alleged that the treasurer was the duly qualified treasurer, and contained assertions, but in another paragraph, of the giving, filing, and approval of such bond, not set forth as a means by which he qualified, but as showing that he, together with the sureties on that bond, became responsible for his official acts. *Held*, under the liberality of pleading enjoined by sec. 2668, Stats. (1898), that the complaint could not be construed as failing to allege any of the other acts essential to the treasurer's qualification.

6. Where a specific duty is imposed on a treasurer in charge of public funds to pay over the balance in his hands to a successor upon qualification of the latter without the preliminary of a demand, no demand is necessary to create a breach of his bond or to enable suit against his sureties.

7. Sec. 881, Stats. (1898), makes it the duty of a village treasurer to render an account and settlement of his official transactions to the board at its last meeting prior to the annual election and to deliver to his successor, when qualified, all books, papers, and property of his office and all money in his hands as treasurer. *Held*, that allegations of a complaint in an action against a village treasurer and his sureties, that such treasurer did render such account and settlement, that his successor duly qualified prior to the commencement of the action, that the treasurer refused and neglected to pay over to his successor the balance of money in his hands as treasurer, and that refusal to pay was in defiance of frequent requests by the village, as against a general demurrer is sufficient allegation of a demand, if any were necessary.

APPEAL from an order of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The appeal is from order overruling general demurrer to complaint attempting to set forth two causes of action on successive official bonds of the defendant *Nelson* as village treasurer. The complaint alleges the corporate character of the plaintiff and the authority of the president to bring the action; that *Nelson* was duly elected on April 5, 1904, and from the 9th day of April, 1904, to the 8th day of April, 1905, was the duly qualified treasurer of the plaintiff; that before entering and to qualify himself to enter thereon, he, together with the other defendants as sureties, executed a bond conditioned on the faithful discharge of his duties and that he should duly account for and pay over all moneys, which bond was duly approved, and that during his term of office he received $11,961.37, the property of said village, and disbursed $9,917.38, leaving a balance of $2,043.49, for which he should have accounted; that he succeeded himself on the 9th of April and was duly qualified as such successor; that he rendered an account to the last meeting of the village board showing the balance in his hands, but, in breach of his bond, has hitherto neglected and refused and still neglects and refuses to pay it over according to law, or any part thereof, except $963.02, although often requested so to do by this plaintiff after the expiration of the said term of office, but that he has converted the sum of $1,080.97. The second cause of action is similar, except that a successor other than himself is named as having duly qualified and that the amount is also $1,080.97.

*J. W. Hicks,* for the appellants.

*C. E. Lovett,* for the respondent.

Dodge, J.   1. The first criticism is that many of the necessary allegations of fact are supplied only by conclusions of law, illustrating by the allegation that defendant *Nelson* was "the duly qualified treasurer of the plaintiff village" between certain dates and that his bond was "duly approved" and his

successor "duly elected and qualified." This criticism is
without merit. Where the ultimate fact essential to a cause of
action is brought into existence by a series of detail acts and
events, it is entirely competent and sufficient to plead those
detail acts according to their legal effect, and, when so pleaded
in a complaint, that instrument is not obnoxious to a de-
murrer, but, at most, to a motion to make more specific upon
a showing that it is material to the understanding of the
controversy that some or all of the specific acts, conduct, or
events be set out. *State ex rel. Dickinson v. Brunner,* 20
Wis. 62; *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 84
N. W. 159; *South Milwaukee Co. v. Murphy,* 112 Wis. 614,
625, 88 N. W. 583; *Perry v. Scaife,* 126 Wis. 405, 410,
105 N. W. 920. The citation of cases from other states
which have not adopted the liberal rules of pleading con-
tained in our Code is but misplaced industry. They cannot
be useful nor are they authority in the face of expressions
of our own court such as above cited.

2. It is next urged that by reason of the pleading of the
giving and filing of bond and the approval thereof by the
president of the village the complaint must be construed as
failing to allege any of the other facts essential to defendant
*Nelson's* qualification; such, for example, as taking the oath
of office and filing the same. This contention must be over-
ruled, if for no other reason, because the complaint is not
open to such construction. It is first affirmatively alleged
that *Nelson* was the duly qualified treasurer, and the asser-
tions with reference to his giving and filing bond are in an-
other paragraph and not set forth as a means by which he
qualified, but as showing that he, together with the sureties
upon that bond, became responsible for his official acts.
Where such a construction is so obvious it would seem that
the requirement of sec. 2668, Stats. (1898), that pleadings
should be liberally construed, might lead to its adoption with-
out hesitation or debate. Under this head in the brief are a

series of assertions which are not in accordance with the fact. Thus the complaint does allege that said *Nelson* was the duly qualified treasurer of said village from April, 1904, to April, 1905, and that the moneys came to his hands as such treasurer during his term of office. We are at a loss, therefore, to understand the mental attitude of counsel which could justify him in asserting the absence of any allegation that *Nelson* was such duly qualified treasurer or that any sum came to his hands while he was either qualified or acting as such officer. Others are of like nature and obviously incorrect on mere reading of the complaint.

3. It is next contended that the complaint fails to allege any breach of the bond, for the reason, as declared, that no demand has been made upon the defendant treasurer. The authorities in this state seem to establish that, where a specific duty is imposed upon the treasurer to pay a balance in his hands to a successor upon the qualification of the latter without the preliminary of a demand, no demand is necessary to create a breach of his bond or to enable suit against his sureties. *Joint School Dist. v. Lyford,* 27 Wis. 506, 509; *State v. McFetridge,* 84 Wis. 473, 531, 54 N. W. 1, 998. Sec. 881, Stats. (1898), makes it the duty of the village treasurer to render an account and settlement of all his official transactions to the board at its last meeting prior to the annual election and to deliver to his successor, when qualified, all books of account, papers, and property of his office and all money in his hands as treasurer. It is alleged in the complaint that he did render such account and settlement, that his successor was duly qualified prior to the commencement of this action, and that defendant refused and neglected to pay over to him the balance of money in his hands as treasurer. Thus the circumstances are fully set forth in which the statute imposed upon him an imperative duty, in protection of the public as distinguished from any individual, to pay this money. The failure so to do places him in default and con-

stitutes a breach of his bond. Further than this, however, it is alleged that this refusal to pay has been in defiance of frequent requests by the village. This, we think, must be held, in light of the other allegations, to sufficiently allege a demand, if that were necessary. It is at least sufficient as against a general demurrer in absence of any application to the court for greater specification as to how and by what person such demand was made. The cases cited by appellants have but little application to such a situation. It is true that in *Franklin v. Kirby*, 25 Wis. 498, the complaint did contain an assertion of failure to pay in despite of requests, and was held insufficient, but the ground of insufficiency stated by the court was that there was no allegation in the complaint that any successor had been elected or that the defendant was not still treasurer of the town and entitled to hold the balance as such, nor that any person authorized to demand and receive the money from him had made any demand. The mere assertion that he had failed to pay over "though often requested" was held not insufficient as a demand, but insufficient to supply the omitted facts above mentioned. The same was true in *Wolff v. Stoddard*, 25 Wis. 503, the defect in the complaint being that "there is no allegation that any state or county taxes ever came to his hands at all;" hence, of course, the mere allegation of the failure to pay over could not constitute a breach. In *Kewaunee Co. v. Decker*, 30 Wis. 624, the action was in tort for conversion of several thousand disputed items in the course of twelve years' service by the defendant as clerk of the county board of supervisors, and it was held that a mere general allegation of demand to pay over the balance due the county was not sufficient to charge him with conversion of each of those specific items. In *Iowa Co. v. Vivian*, 31 Wis. 217, the default was that, through mutual mistake of both the county treasurer and the board of supervisors, certain classes of items had not been included in his official accounts through a period of many years' con-

Milwaukee v. Wakefield, 134 Wis. 462.

tinuance in office, and it was held that suit could not be instituted without either a demand for a correction of those accounts or some express requirement of law.   These cases, even if they be recognized as authority to their full extent, obviously in no wise affect the question whether the present action can be maintained upon the very different state of facts set forth by the complaint. We are convinced that a default of the treasurer to pay to his successor the balances of his settlements with the village board which are required by law clearly appears, and that breaches of his official bonds are sufficiently alleged.

*By the Court.*—Order appealed from is affirmed.