STATE EX REL. LEISER, Executor, Respondent, vs. KOCH,. Appellant.

*January 8—February 16, 1909.*

*Municipal ordinances: Judicial notice: Pleading: Conclusion of law: Demurrer: Mandamus: Building inspector: Compelling issu-- ance of permit: Sufficiency of return.*

1. Courts do not take judicial notice of municipal ordinances not pleaded.
2. The petition for a writ of *mandamus* to compel a building in- spector to issue a permit pursuant to city ordinances should show the existence of an ordinance imposing such duty and that the duty is absolute or the action under the ordinance merely ministerial.
3. An allegation in such petition that it is the duty of said in- spector, under the ordinances of the city, to issue such permit, does not sufficiently plead the ordinances. It is not an aver- ment of fact, but a mere conclusion of law not admitted by de- murrer. MARSHALL, J., dissents. ·
4. A demurrer to the return to an alternative writ of *mandamus* relates back to the petition and raises the question of its suffi-- ciency.
5. The return of a building inspector to an alternative writ of *man- damus* commanding him to issue a permit for certain repairs. or alterations in the basement of a building, that "the super- structure is so dilapidated, rotten, and in bad condition that. it will be unwise and unsafe to permit the repair of said build- ing in such manner," is a good return if the ordinances govern-- ing his action permit of any discretion on the part of the in- spector in refusing permits.

APPEAL from a judgment of the circuit court for Milwau-- kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re- versed.*

The judgment appealed from awarded to the relator a per-- emptory writ of *mandamus* commanding the building inspec- tor of Milwaukee to issue a permit for the alteration of a certain building in said city. It followed an order sustain-- ing a demurrer to the return to the alternative writ.

For the appellant there were briefs by *John T. Kelly,* city,

attorney, and *Benjamin Poss,* special assistant city attorney, and oral argument by *Mr. Poss.* They cited, among other authorities, Laws of 1887 (vol. II), ch. 459; *Milwaukee I. Co. v. Schubel,* 29 Wis. 444; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672, 70 N. W. 300; *State ex rel. Gericke v. Mayor,* etc. 99 Wis. 322, 74 N. W. 783; *State ex rel. Schermerhorn v. McCann,* 107 Wis. 348, 83 N. W. 647; 26 Cyc. 290.

For the respondent the cause was submitted on the brief of *P. G. Lewis.* He cited *People v. Board of Health,* 140 N. Y. 1; *State ex rel. Adams v. Burdge,* 95 Wis. 390, 70 N. W. 347.

TIMLIN, J. The petition or relation upon which the alternative writ of *mandamus,* seeking to enforce the issue of a permit for repair of a certain building, was issued contained no statement that there was enacted, or that there existed, an ordinance of the city imposing a duty upon the building inspector to issue such permit. Much less does it disclose that such duty was absolute or the action thereunder ministerial. The averment is as follows:

"Your petitioner further alleges and shows to the court that on the 10th day of July, A. D. 1907, pursuant to the ordinances of the city of Milwaukee, he made application to *Edward V. Koch,* Esq., as inspector of buildings of said city of Milwaukee, for a building permit for the erection of a brick basement under said building, and in all things complied with the ordinances of said city, and did on the 10th day of July, A. D. 1907, make due application for a permit, hereto annexed, to build said basement under said building, and did tender to and offer to file with the inspector of buildings of said city plans and specifications, hereto annexed, for the erection of said basement, and did at the same time duly tender to said inspector of buildings the legal fee therefor, as required by law; that the inspector of buildings of said city did refuse and still does refuse to grant your petitioner, as

executor of said estate, a permit to build said basement; that it is the duty of said inspector, under the law and ordinances of said city of Milwaukee, to issue such permit."

No general statute imposes upon the inspector any such duty. There was no ordinance pleaded showing any such duty, giving the relation the most liberal construction. *Decker v. McSorley,* 111 Wis. 91, 86 N. W. 554; McQuillan, Mun. Ordinances, § 374; *Buckley v. Eisendrath,* 58 Ill. App. 364. The concluding statement above quoted is a mere conclusion of law not admitted by demurrer, and not an averment of fact. It might be sufficient, in the absence of a motion to make more definite and certain, to admit proof of the ordinance. But that is not in the case here. No ordinance is offered in evidence. We are obliged to accept this statement as the ordinance or else reject it as a conclusion of the pleader. *McCune v. Norwich City G. Co.* 30 Conn. 521; *Buffalo v. Holloway,* 7 N. Y. 493; *Angus v. Lee,* 40 Ill. App. 304; *Morton v. Comp. Gen.* 4 S. C. 430. The court does not take judicial notice of municipal ordinances not pleaded. *Davey v. Janesville,* 111 Wis. 628, 87 N. W. 813; *Pettit v. May,* 34 Wis. 666; *Horn v. C. & N. W. R. Co.* 38 Wis. 463; *Stittgen v. Rundle,* 99 Wis. 78, 74 N. W. 536.

The alternative writ, which is the first process, but not the first pleading, in *mandamus* recited: "Whereas under the ordinances of the city of Milwaukee it was the duty of said *Edward V. Koch,* as such inspector of buildings, to issue unto the petitioner a permit," etc.; but even here there is no ordinance referred to, either by its number or date of passage or publication, nor does it purport to give either the words or the substance of the ordinance, and it has only the petition to rest upon, where the averment is still more defective. The building inspector made return to the alternative writ. The relator demurred to this return. This demurrer to the return was sustained, and thereupon, without further trial, judgment was entered awarding the peremptory writ. The trial

court should have carried the demurrer back to the first defective pleading; in this case the relation for the writ. This precise point is covered by *State ex rel. Burns v. Elba,* 34 Wis. 169, and *State ex rel. Cuppel v. Milwaukee Cham. of Comm.* 47 Wis. 670, 3 N. W. 760. This is not a technical, but a substantial and necessary, rule of law, because without it we would have the anomaly of rendering judgment for a plaintiff who had no cause of action—that is, no legal right violated—merely because the defendant's answer was defective. This rule does not apply to defects in the complaint which may be waived by answering.

But if the relation was defective the return was grotesque. It first set forth that the duties of the building inspector and the laws relating to the erection and construction of buildings are covered by ch. 3 of the general ordinances of the city. It nowhere gives information of the contents of ch. 3, but selects two sections (7 and 10) of that chapter and sets them forth *in extenso* twice, once in the body of the return and again in the order of the building inspector attached to the return as an exhibit. Sec. 7 provides for two cases, one where the building, wall, or part of a building, platform, or staging is dangerous or unsafe for the purpose for which it is being used or in danger of being set on fire because of defects in construction; and in these cases the inspector is required, or authorized, to notify the owner, or his agent, in writing, specifying wherein the danger consists or wherein such building is unsafe and defective. If the owner, or his agent, after such notice neglects to proceed to put the building in a safe condition or forthwith to pull down or secure such building, etc., he shall be deemed guilty of a misdemeanor. The object of pleading this part of the ordinance is not apparent, unless it be to show that the building inspector did not comply with it, for it is afterward shown that, instead of acting as therein directed, he acted jointly with the health inspector, and instead of giving the notice there required they made an order

"that said building be torn down and removed within sixty (60) days after service upon you of this notice." The other paragraph of this sec. 7 pleaded authorizes the inspector of buildings and the chief of the fire department to determine upon evidence that there is actual and immediate danger of the falling of a building or some part thereof so as to endanger life, and in that case the building is to be deemed a nuisance and the inspector shall cause such work to be done as may be necessary to render said building or part thereof safe, or may cause said building, or such part thereof as may be unsafe, to be torn down or removed. The purpose of pleading this section is not obvious, because it is by its terms limited to cases of actual and immediate danger and is to be carried out by determination upon evidence of the building inspector and the chief of the fire department, while in the instant case there is no averment or finding of actual and immediate danger to justify the order to tear down, and the building inspector seems to have disregarded its provisions by proceeding without the chief of the fire department and acting with the unauthorized health commissioner.

The sec. 10 pleaded relates to appeals from the decision of the inspector of buildings to a board of arbitration, but does not include appeals from the emergency orders of the inspector and chief, and seems to be also wholly irrelevant. But the capsheaf of this irrelevant return is found in the order of the arbitrators on appeal, which is also returned, as follows:

"We find that the buildings in question . . . are in a very dilapidated condition, which as to the two buildings known as No. 601 and No. 603 is due mainly to their age, and the present value of the foundations of the aforementioned two buildings was not taken into consideration because of their thoroughly dilapidated condition. The upper structures, after a very careful and thorough examination as to their value, were found to be damaged to a greater extent than fifty per cent. of their original cost. We therefore find that the building inspector's and health department's orders must

be sustained in condemning said two buildings (No. 601 and 603 Cherry street), but we have decided that the frame building known as No. 605 Cherry street may remain."

However, among the judicial farrago in the return we find the following separable averment:

"That in the opinion of the inspector of buildings the placing of a brick basement under said house at 601 Cherry street, as proposed in the application for permit to make alterations, would not make safe said building, for the reasons hereinbefore set forth, namely, that the superstructure is so dilapidated, rotten, and in bad condition that it will be unwise and unsafe to permit the repair of said building in such manner."

This is a good return if the ordinances permit of any discretion on the part of the inspector in refusing permits. But we do not determine that point, having no assurance that we have before us the ordinances bearing on that subject. As it is, the judgment must be reversed, with orders to sustain the demurrer as a demurrer to the relation.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to sustain the demurrer to the relation.

The following opinion was filed March 2, 1909:

MARSHALL, J. (*dissenting*). I have to dissent in this case. It is conceded by my brethren that if there is an ordinance in the city of Milwaukee making it mandatory upon the building inspector, in case of an application being presented to him for a building permit, such as was presented in this case, to issue such permit, then there was a failure on the part of such inspector to perform a plain ministerial duty giving cause for *mandamus* proceedings, such as were resorted to in order to compel performance, and if the existence of such ordinance was sufficiently pleaded, as against a demurrer for insufficiency, the writ of *mandamus* was properly

awarded, since the demurrer to the return, in that case, was properly sustained, such return being, as my brethren choose to characterize it, as an apt way of describing its utter insufficiency, "grotesque." I do not need to add anything to what is said in the court's opinion as to the irrelevancy of the return to the extent of glaring absurdity.

The rule that an issue of law joined by a demurrer to a return or an answer presents not only the question of law as to the sufficiency of the second pleading, but also as to the sufficiency of the first one, is elementary; as is also the rule that such principle is substantial. But I do not understand, or else do not agree with, the reasoning upon which the conclusion is grounded, that the relation in this case is not good on a challenge for insufficiency. It states, in plain language, that the petitioner presented to the building inspector an application for a building permit and complied in all respects with the ordinance of the city as regards conditions precedent to his right to such permit; that the permit was refused, and that it is the duty of said inspector, under the law and ordinances of said city of Milwaukee, to issue it.

My brethren concede that the allegations might be sufficient, in the absence of a motion to make more definite and certain, to admit proof of the ordinance. But they say, "that is not the case here." Why "is not that the case here?" My brethren give no reason except that the demurrer to the return should be regarded as involving a counter denial of the sufficiency of the relation. Then we have this logic: A complaint, in general terms, reasonably suggesting facts not specifically set forth; a pleading of the facts by the legal results, in a sense conclusions of law, is good upon a challenge by the defendant by demurrer for insufficiency, even though open to a motion to make more definite and certain. But if defendant sees fit to omit such motion and answers, and the plaintiff demurs thereto, whereas, before, the pleading was proof against a formal demurrer by the defendant, it is not

as to the demurrer thereto which the law now interposes under the principle before stated. Whereas, before, by the letter and the broad liberal spirit of the Code, so often vindicated, especially in recent years, and so beneficial, as we have had many occasions to say in the administrations of justice, whereby the pleading was good if sufficient facts appeared expressly alleged or by reasonable inference, giving full effect to the facts pleaded according to their legal effect, where the ultimate circumstance might reasonably be viewed as a fact, though viewable as a conclusion of law from facts, as well (*Morse v. Gilman,* 16 Wis. 504; *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 427, 84 N. W. 159; *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 625, 88 N. W. 583; *Andresen v. Upham Mfg. Co.* 120 Wis. 561, 564, 98 N. W. 518; *Prentice v. Nelson,* 134 Wis. 456, 114 N. W. 830), now it must be viewed by the pre-Code practice, requiring it to stand the test of every reasonable intendment and presumption against it (*Morse v. Gilman, supra; Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921), involving the idea that, in the new situation, a demurrer to the second pleading may serve the purposes of both a statutory demurrer and a motion to make more definite and certain. I must say I do not understand the established practice to justify that doctrine.

True, as the relation stands, we are obliged to accept the statement as to the ordinance or else reject it as a conclusion of the pleader, but that is always true in case of testing facts pleaded by reasonable inference, especially when the allegation permissibly takes the form of pleading facts by their legal effect. That is held in the numerous cases in this court where such condition has been held not to militate against the sufficiency of the pleading when challenged upon demurrer.

I fail to see how decisions of other states having the common-law system, or ancient cases under a Code like ours, but with an undeveloped practice under it, or cases in our court as to the admissibility of an ordinance in evidence where not

mentioned in the complaint at all (*Stittgen v. Rundle*, 99 Wis. 78, 74 N. W. 536, and *Horn v. C. & N. W. R. Co.* 38 Wis. 463), or as to the admission in evidence of a copy of an ordinance, not properly certified under the statute to make it receivable (*Pettit v. May,* 34 Wis. 666), or as to taking judicial notice of an ordinance which, under the general system for amending city charters by municipalities, has the characteristics of general public laws (*Davey v. Janesville,* 111 Wis. 628, 87 N. W. 813), have any bearing on the question here.

The extent to which this court has gone in simplification of the practice under the Code, avoiding all nonessentials, is very strikingly illustrated in *Prentice v. Nelson,* 134 Wis. 456, 114 N. W. 830, where, in a suit on a treasurer's bond, the sufficiency of the complaint was challenged by a general demurrer because, as claimed, it contained, as to many of the essential facts, only general conclusions which were properly denominable conclusions of law. It was alleged that plaintiff was the duly qualified treasurer, etc.; that his bond was duly approved, that his successor was duly elected and qualified; and there were other allegations of like character. The demurrer was overruled, the court saying:

"Where the ultimate fact essential to a cause of action is brought into existence by a series of detailed acts and events, it is entirely competent and sufficient to plead those detail acts according to their legal effect, and, when so pleaded in a complaint, that instrument is not obnoxious to a demurrer, but, at most, to a motion to make more specific. . . . "

Does not that fit the claimed insufficiency in the relation in question most completely?

I think the insufficiency claimed should be treated the same as in case of a formal demurrer and that so treated the relation is sufficient. If I be right, then all will agree the judgment should be affirmed.

In closing I may well remark, that, if I be right, the result

is particularly unfortunate to respondent, whose counsel doubtless relied upon established rules of pleading as did the learned trial court, and the question upon which the case has turned was not raised in the court below, or here, by counsel.