ing an exchange where the employment was in Wisconsin, the note given there and defendant's property situated in that State, though the property for which it was exchanged was situated in Chicago and the conveyances in exchange made in that city.

6. BROKERS, § 84*—*what evidence inadmissible in action for commissions.* In an action on a note given to a broker for commissions in negotiating an exchange of property, evidence of the rentals of the property acquired by defendant on the exchange is immaterial.

---

## National Brewing Company, Appellant, v. Peter P. Guminski and Mary Guminski, Appellees.

## Gen. No. 18,906.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

### Statement of the Case.

Action by National Brewing Company against Peter P. Guminski and Mary Guminski on a promissory note, after the plaintiff had recovered a judgment by confession evidenced by a *cognovit* executed by an attorney under a warrant of attorney in the note, and after the court on motion of the defendants had granted them leave to plead to the merits. Subsequent to the entry of the judgment by confession, on motion of the defendants, the judgment was set aside and vacated and leave given to the defendants to plead in five days. On the next day the order vacating the judgment was set aside, but leave was given to the defendants to plead·"as to the merits" within five days, the judgment entered by confession ordered "to stand as security." Defendants filed pleas setting up payment and accord and satisfaction. The trial was by the

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

court without a jury and the court found the issues for the defendants and entered judgment vacating the judgment entered by confession and adjudging the plaintiff to pay the costs of the suit. To reverse the judgment, plaintiff appeals.

Matthias B. Pittman, for appellant.

Kruse & Peden and R. C. Merrick, for appellees.

Mr. Justice Brown delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1197*—*when orders to be reviewed limited by recitals in appeal bond.* On appeal from a judgment vacating a judgment rendered by confession and adjudging the plaintiff to pay costs, *held* that the portion of the judgment which vacates the confessed judgment would not be reversed where the appeal bond recites the judgment appealed from merely as a judgment against the plaintiff "for the sum of —— dollars, costs of suit."

2. Appeal and error, § 288*—*when judgment for costs is a final judgment.* A judgment against plaintiff for costs may be considered a final judgment where it follows in the order a finding of the issues for the defendant.

3. Judgment, § 78*—*when orders relating to vacation of judgment by confession discretionary.* Where a court vacated a judgment entered by confession and granted defendants leave to plead, and later set aside the order vacating the judgment and granted leave to plead with the judgment to stand as security, and subsequently by an interlocutory order again vacates the original judgment, *held* that the orders were discretionary.

4. Bills and notes, § 451*—*when defense of satisfaction and discharge not established by the evidence.* In an action by a Brewing Company on a promissory note executed to the company by the defendants, a defense of payment and accord and satisfaction alleging that a certain right or privilege to the renewal of a saloon license which was the property of the defendants was accepted by the plaintiff in satisfaction and discharge of the note, *held* not established by the evidence.

5. Evidence, § 10*—*judicial notice of ordinances.* Ordinances of the city of Chicago are not the subject of judicial notice in the Superior Court of Cook county or in the Appellate Court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.