Albert W. Rudnick, Administrator, Defendant in Error; v. City of Chicago et al., Plaintiffs in Error.

Gen. No. 20,897.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1915. Reversed. Opinion filed April 10, 1916. *Certiorari* denied by Supreme Court (making opinion final).

· Statement of the Case.

Petition for mandamus by Albert W. Rudnick, administrator of the estate of James F. Scannell, deceased, against the City of Chicago *et al.,* respondents. From a judgment awarding the writ, respondents bring error.

The relator obtained from the Circuit Court a writ

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of mandamus reinstating him into the claimed office of "meter setter" in the Department of Public Works of the City of Chicago. Since the writ was sued out respondents suggested the death of relator and his administrator was substituted and duly summoned, and while his appearance had been entered he failed to file briefs or argue the cause.

The cause was tried before the court upon the petition as twice amended, the answer of respondents and a stipulation of fact. The relator had before the filing of the petition been dismissed upon a trial before the Civil Service Commission, in conformity with the requirements of the civil service law. The relator averred that the Department of Public Works was created by ordinance passed April 18, 1881; that thereafter, by the Revised Code of the City of Chicago, 1897, the said department was established as an executive department of the municipal government of Chicago known as the Department of Public Works, embracing the Commissioner of Public Works and such other employees as the city council may by ordinance prescribe and establish.

By no averment of the petition as amended was it made to appear that the city council by ordinance created the office of "meter setter," nor was any such ordinance cited in such amended petition.

JOHN W. BECKWITH, JOSEPH F. GROSSMAN and JOHN E. FOSTER, for plaintiffs in error.

A. D. GASH, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CIVIL SERVICE, § 27*—*when petition in mandamus for reinstatement of meter setter insufficient.* Where a petition for mandamus to reinstate petitioner in the office of "meter setter" in the Depart-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of Public Works of the City of Chicago averred that such Department of Public Works was created by an ordinance passed in 1881, and that by the Revised Code of Chicago of 1897 said department embraced the Commissioner of Public Works and such other employees as the city council might by ordinance prescribe and establish, but by no averment of the petition was it made to appear that the city council by ordinance created the office of "meter setter," *held* that such petition was insufficient as it did not plead any ordinance showing the creation of the office.

2. CIVIL SERVICE, § 10*—*when Civil Service Commission has no power to create office.* The Civil Service Commission has no power to create the office of "meter setter" in the Departmnt of Public Works in Chicago but can only classify the offices created by ordinances of the city council.

3. MANDAMUS, § 139*—*when petition in mandamus to compel reinstatement of officer insufficient.* In mandamus proceedings where the existence of the office is claimed, it must be made to appear by appropriate averments that the office was created in the manner prescribed in cases of such character.

4. EVIDENCE, § 10*—*when judicial notice not taken of municipal ordinances.* Courts of general jurisdiction do not take judicial notice of municipal ordinances, but he who relies upon such an ordinance must allege and prove it as a matter of fact.

5. CIVIL SERVICE, § 27*—*when proceeding for mandamus not remanded.* Writ of mandamus having been issued to reinstate relator to office of "meter setter" in the Chicago Department of Public Works, the Appellate Court, in reversing the judgment of the trial court, will not remand the cause, it appearing that relator was not entitled to the writ and is dead.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.