Hough, J.
The petition may be said to be the usual or ordinary one, pleading negligence, and seeking damages in the sum of $2,500. The answer was practically a general denial.
The petition nowhere pleads or even refers to an ordinance of the city of Cincinnati, or is it based upon the violation of any ordinance. Neither was an ordinance offered or admitted in evidence.
It appears, however, that counsel argued the violation of an ordinance to the jury; that two special requests were given to the jury on behalf of the plaintiff, relating to the violation of an ordinance; and that the court in the general charge instructed the jury concerning the ordinance and its legal effect, in the following language:
“There are certain requirements of the law as to the operation of automobiles. These are codified in the ordinances of the City of Cincinnati, and in the statute law of the State of Ohio. The violation of any of these regulations or legal provisions, the court instructs you, constitutes negligence per se. The ordinances of the City of Cincinnati provide that where automobiles approach a street intersection from different directions so as to arrive at the same time or practically simultaneously, the automobile to the left shall yield the right of way to the vehicle on the right. In other words, if there is an automobile approaching from the east and another approaching the same intersection from the north, the one approaching from the north has the right of way. * * * The ordinances also provide that vehicles shall be operated upon the right hand .side of the street. * * * These provisions, all of which counsel have mentioned in argument, bear upon the *361 question of negligence because their violation is and must be considered negligence.”
It is clearly apparent that the trial court took judicial notice of this ordinance, upon the theory that the superior court of Cincinnati had such authority. This is the question and the sole question of claimed error contended for in this court.
If the trial court was at liberty to take judicial notice of the ordinances of the city, the error claimed would fall, and the failure to plead the ordinance, or to offer it in proof, would be immaterial, and the charge of the court in reference thereto would be entirely proper, as in the case of Schell v. Du Bois, Admr., 94 Ohio St., 93, wherein it is held in proposition 2 of the syllabus:
“The violation of a municipal ordinance passed in the proper exercise of the police power in the interest of the public safety, and not in conflict with general laws, is negligence per se.”
It is therefore pertinent to inquire into the jurisdiction of the superior court. That court.is purely a creature of statute, and is provided for in Chapter 5, Title IY, Part First, General Code. Section 1571, General Code, outlines its jurisdiction. Therein it is provided that when the sum or matter in dispute, exceeds the exclusive jurisdiction of justices of the peace, the superior court will have original jurisdiction in actions for the recovery of real property, when the subject of the action is situated within the city of Cincinnati; in actions to compel the specific performance of a contract, when all or any of the defendants reside in the city of Cincinnati; in other enumerated actions, when the.cause, or some part thereof, arose in the city of Cincinnati; in actions *362 against corporations situated in the city of Cincinnati; in actions against railroad companies,' etc., passing through or into the city of Cincinnati; and in actions against certain foreign corporations or non-residents of the state, where defendant is found in the city of Cincinnati. And paragraph 8 of that section reads as follows: “Every other action, when the defendant, or some one of the defendants, resides or may be summoned in the city of Cincinnati, except applications for divorce and alimony, or for alimony. ’ ’
The superior court is also made a court of record, and the clerk of the common pleas court is constituted the clerk of the- superior court. Further, in Section 1576, G-eneral Code, it is provided:
“In the actions enumerated, all laws conferring jurisdiction upon common pleas courts or courts of appeals giving them power to hear and determine such causes, and to preserve order and punish contempt, regulating their practice and forms of process, prescribing the force and effect of their judgments, orders, or decrees, and authorizing or directing the execution thereof, shall be held to extend to the superior court of Cincinnati as fully as they extend to the common pleas court, unless inconsistent with this chapter or plainly inapplicable. The superior court of Cincinnati, in respect to the form and manner of all pleadings therein, and the force and effect of its judgments, orders, or decrees, is a court of general jurisdiction.”
The rule has long obtained, not only in Ohio, but in the United States generally, • that a municipal court will take judicial cognizance of the existence and substance of ordinances in force in the partic *363 alar municipality. (23 Corpus Juris, page 137.) And it has been just as well settled that courts of general jurisdiction will not take judicial notice of ordinances of municipalities, and private statutes, and the like.
From the provisions of law conferring authority upon the superior court, cited supra, it must be apparent that that court has been granted some general jurisdictional powers, and when we remember the character of the action in the instant case the conclusion naturally obtains that this superior court in this particular case in order to be clothed with the proper jurisdiction is called upon to exercise a general jurisdictional .function.
We have not been able to discover that this court has ever passed upon the question of the jurisdiction of the superior court of Cincinnati, although that court has been in existence' for many years. It has been held, however, in the state of Illinois, and it appears to be the law of that state, that ordinances of the city of Chicago are not subject to judicial notice in the superior court of Cook county. National Brewing Co. v. Guminski, 185 Ill. App., 549.
The supreme court of Michigan in People v. Quider, 172 Mich., 280, had before it the identical question, and it was there held: “The recorder’s court of the city of Detroit, while in certain particulars and for certain purposes a municipal court, is nevertheless in its most important functions a State court of original jurisdiction, authorized to administer the general laws of the State. * * * In trying respondent for usury under the statute, the recorder’s court of the city of Detroit erred in tak *364 ing judicial notice of the city ordinance requiring a license fee of loan companies and others.”
We cannot escape the conclusion that the superior court, while a municipal court for some purposes, is yet in its fundamental essential, and especially for the purposes of the instant case, a court of general jurisdiction with territorial limitations, and, although dual in nature and power, possessing complex jurisdiction, must be characterized from the standpoint of its controlling function a court of general jurisdiction, and so far as this species of its jurisdiction is concerned it differs from the common pleas court of Hamilton county only in that its territorial limitation is the municipality of Cincinnati while that of the common pleas court is the county of Hamilton.
Whether the case before us is one for a court of general jurisdiction is subject to test by ashing the question: Would the court of common pleas of Hamilton county have jurisdiction to try and determine it? The answer of course would be in the affirmative.
Being therefore a. court of general jurisdiction, trying and determining a case properly for a court of general jurisdiction, that court, under the prevailing rule, could not take judicial notice of the ordinance of the city of Cincinnati.
We find ample authority to sustain this proposition. In the case of Rudnick, Admr., v. Chicago, 198 Ill. App., 474, where the supreme court of that state denied a writ of certiorari, making the appellate decision final, that court held, page 476: “Courts of general jurisdiction do not take judicial notice of municipal ordinances, but he who relies upon such *365 an ordinance must allege and prove it as a matter of fact.”
And again, in the supreme court of the state of Wisconsin, in the case of State, ex rel., v. Koch, 138 Wis., 27, we find: £ ‘ Courts do not take judicial notice of municipal ordinances not pleaded.”
And in the Quider case, supra, page 281, this announcement is made: “Municipal courts may take notice of local ordinances without proof, but courts of general jurisdiction must have evidence of the proper enactment and publication of ordinances.” ,.
In California it is said to be a general rule, supported by unbroken authority in that state, that courts of record do not take judicial notice of municipal ordinances.
The supreme court of Missouri, in the case of Peterson v. United Railways Co., 270 Mo., 67, held: “Courts cannot take judicial notice of municipal ordinances, however great the municipality.”
Again, in the case of City of St. Louis v. Ameln, 235 Mo., 669, the rule is announced in paragraph 5 of the syllabus: ‘£ Courts do not take judicial notice of the existence of ordinances and by-laws of cities, towns and villages. To be considered they must be offered in evidence as other evidential matters.”
Many other authorities could be found and cited. Suffice to say, however, the rule is general, and well-nigh inflexible. In order to rely on the regulatory ordinance in this case, it therefore necessarily must have been pleaded and proved, and the court very distinctly erred to the prejudice of the substantial rights of the defendant when it assumed judicial notice of the ordinances and charged the jury upon matters relating to their regulatory terms.
*366 The case will be reversed and remanded to the superior court of Cincinnati for further proceedings according to law.

Judgment reversed.

Hough, Robinson, Jones, Matthias and Clark, JJ., concur.
Wan am aker, J., dissents.