MANTEI, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 12—December 6, 1932.*

The cause was submitted for the plaintiff in error on the briefs of *Loose & Topolinski,* attorneys, and *Alfred C. Loose* and *Stephen M. Karolczak* of counsel, all of Milwaukee, and for the defendant in error on that of *Herman R. Salen,* district attorney of Waukesha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

WICKHEM, J. The principal contention of the defendant is that the only evidence in this case pointing to guilt on the part of the defendant was obtained as a result of unlawful entry upon defendant's premises, contrary to sec. 11, art. I, Wisconsin constitution. This contention is based upon the fact that the officers had no search warrant or any

warrant for the arrest of the defendant, and that they did not have his consent to enter the premises. This contention makes necessary a consideration of the circumstances under which the officers entered defendant's home.

Defendant and his family resided in the town of Brookfield, Waukesha county. There is evidence that the sheriff's office had received "complaints" about defendant. What these complaints were is not disclosed by the record. Two deputy sheriffs, noting a number of cars parked in defendant's yard and the shades drawn, drove onto the premises and, encountering the defendant, sought to gain admission to the house. Defendant refused them admission unless they had tickets, and they left, returning later with several more deputies. Admission was again demanded and again refused. The officers then placed the defendant under arrest, handcuffed him, told him they were going to enter the house, and started to force their way through the door, whereupon defendant produced a key, which was taken from him by one of the deputies. The officers thereupon unlocked the door and entered the house. They found there about forty men. In the living quarters of the house was a woman, dressed in a costume consisting solely of slippers, short tights, and a narrow brassiere. One of the officers entered a bedroom and found four or five women in identical costumes, hastily attempting to dress. The parties were brought to the jail, and there was testimony to the effect that defendant admitted that these women were to dance one dance in the nude. It appears from defendant's testimony that, being unemployed, he decided to hold a stag party at his residence, admission to which was to be by card or ticket previously sold to the holder. He claims that the entertainment contemplated was no different than that to be seen at theaters, and denies that there was to be any dancing in the nude.

The foregoing indicates that the incriminating facts in this case were all the result of the entry by the officers.

Hence the case must stand or fall upon the legality of defendant's arrest, and the justification of the search as incidental to the arrest.

It is the rule, settled by numerous cases, notably *Edwards v. State,* 190 Wis. 229, 208 N. W. 876, that an officer may arrest one committing a crime in his presence whether it be a misdemeanor or a felony, and that "a crime is committed in the presence of the officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe" that the defendant has committed, or is about to commit, a felony, and that there may be a search as an incident to a valid arrest. *Bergeron v. Peyton,* 106 Wis. 377, 82 N. W. 291. In *State v. Warfield,* 184 Wis. 56, 198 N. W. 854, it is doubted whether such a right to search extends any further than a search of the person. In the view that we take of this case it is not necessary to resolve this doubt. Distinction is to be made between cases involving felony and cases of misdemeanor falling short of a breach of the peace. In the latter case there can be no arrest without a warrant, and no search without a search warrant, unless the misdemeanor can be treated as having been committed in the presence of the arresting officer. *Allen v. State,* 183 Wis. 323, 197 N. W. 808; *Stittgen v. Rundle,* 99 Wis. 78, 74 N. W. 536.

Since the offense involved in this case was a felony, the question for determination is, Did the officers, in view of what they knew at the time of the arrest and entry, have reasonable grounds to believe that a felony was in the process of being committed by the defendant, or that it had been committed and that he was guilty, or that a crime, whether a misdemeanor or a felony, was being committed in their presence? We think this question must receive a negative answer. The information upon which the officers acted was entirely too meager at the stage when the arrest was made

and entry forced, to bring the case within the doctrine of the *Edwards Case.* There the evidence was that defendant was a prostitute, and the officers were detailed to check up on her activities. She had a conversation on the street with a man other than her husband. He went to her apartment, and the officers could see him enter the apartment, and in company with the defendant enter a bedroom and pull the shade. Under all the circumstances of the case the officers had not merely reasonable grounds to believe that a felony was in the process of commission, but no reasonable ground to come to any other conclusion. This justified both the entry and the arrest. No such situation obtains here. Had the record been more specific as to the character of the complaints, a different question might have been presented. Other than the complaints, the only facts known to the officers were that a stag party was being held at defendant's home to which admission was by ticket. On this record we think there was no reasonable ground to conclude that a felony had been committed or was about to be committed, or that a crime was being committed by the defendant in the presence of the officers.

The importance of the particular right guaranteed by the constitution and involved in this case has been set forth too frequently to warrant any extended treatment here. It is elaborately discussed by Mr. Justice CROWNHART in *Allen v. State, supra.* The fact that its preservation is more important than the enforcement of any particular criminal law or the discovery of any single offender has been frequently held. *Jokosh v. State,* 181 Wis. 160, 193 N. W. 976; *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227; *Bach v. State,* 206 Wis. 143, 238 N. W. 816.

It follows from what has heretofore been said that the conviction cannot be sustained.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge the plaintiff in error.