STATE, Respondent, v. SMITH, Appellant.*

*No. State 29. Argued February 4, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 889.)

---

[3] *Wright. v. State* (1970), 46 Wis. 2d 75, 80, 175 N. W. 2d 646.
* Motion for rehearing denied, without costs, on June 2, 1971.

464

For the appellant there were briefs by *E. L. Nash* of Janesville, *Frank X. Kinast* of Beloit, *Cleland P. Fisher* of Janesville, and *George E. Smith, Jr.,* of Janesville, attorneys, and *John W. Roethe* of Edgerton of counsel, and oral argument by *Mr. Roethe* and *Mr. Fisher.*

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Robert J. Ruth,* district attorney of Rock county.

WILKIE, J.   The first issue presented on this appeal is whether the complaint is sufficient on both counts.  In order to reach this issue we must first determine whether, as the state contends, defendant waived his objections to the sufficiency of the complaint.  We think not.

Defendant was arraigned before Judge FARNUM at 5:50 p. m. on the day of his arrest.  At this proceeding the complaint was read to defendant, and the record notes that defendant had been given a written copy thereof.  Defendant then entered an objection "to the form of the complaint and the substance of the complaint," citing *Massen v. State,*[1] which requires objections of this nature to be entered at the earliest possible stage.

The court then asked:

*"Court:* You mean because it's a barebones complaint in the common vernacular, rather than the lengthy factual affidavit?

---

[1] (1969), 41 Wis. 2d 245, 163 N. W. 2d 616.

*"Mr. Kinast:* Yes, it does not recite facts sufficient to establish—

"[Interruption by the prosecutor.]"

After some discussion of bail:

*"Mr. Kinast:* . . . So that it is clear on the record that there has been an objection to the form and the substance of the process by which the defendant is brought here before the court and is now appearing, I make this objection once again informally. Now, then and I move at this time for the immediate release of the defendant. As I understand it, Judge, that motion is about to be denied, assuming that the court wants to get on with the—

*"Court:* Well, yes, the court will deny the motion on the grounds that it's made for the immediate release of the defendant. . . ."

After further discussion of whether to set bond, defense counsel stated:

*"Mr. Kinast:* Judge, as I understand it, then, I keep harping on this, for the record the motion of counsel to release the defendant from custody on the grounds that the process and pleadings, substance and form, do not support the jurisdiction of the court, is denied?

*"Court:* Yes, right."

Thereafter the case was continued until March 11, 1969, to be heard before Judge BOYLE, under the assumption that there would be a substitute judge. No plea was entered. At the close of the proceeding, another defense counsel stated:

*"Mr. Fisher:* There is no waiver here of our right to renew our motions.

*"Court:* Absolutely not.

*"Mr. Fisher:* Showing probable cause on the complaint.

*"Court:* Absolutely not."

At the hearing on March 11, 1969, before Judge BOYLE, the court advised defendant and counsel that he

had referred the matter to the court administrator, and that Judge CLARENCE TRAEGER of Dodge county had been assigned to hear the matter on March 13, 1969. Any motions were to be made at that time.

At the hearing on March 13, 1969, before Judge TRAEGER, defendant entered a not guilty plea and requested a 12-man jury trial. At this hearing defendant moved to:

a. Quash the arrest made without a warrant on the grounds that (1) "there was no probable cause for such arrest in that . . . the officers had no reasonable grounds to believe . . ." that defendant could not later be apprehended or that personal or property damage was likely (relying on sec. 954.03 (1), Stats.[2]); and (2) defendant was privileged from arrest since he was representing his client at a judicial proceeding in the courtroom;

b. "quash the complaint and warrant issued for the reason that *at the time of said arrest . . .*" defendant was "privileged *from arrest*" under the circumstances. (Emphasis added.)

c. "Quash the complaint and warrant for there was no showing of probable cause made before any court or magistrate prior to or at the issuance of the said complaint and warrant for the arrest of the defendant for there was no showing that the arresting officers had reasonable grounds to believe that the defendant . . . if he had committed a misdemeanor . . ." could not later be apprehended or that personal or property damage would result if defendant were not immediately arrested. The affidavit also appears to challenge the arrest.

The state argues that this motion and affidavit challenge only the arrest, and that a failure to challenge the *sufficiency of the complaint* and the court's jurisdiction to proceed further, constitutes a waiver. The trial court

---

[2] This statute was repealed by the New Criminal Code: ch. 255, sec. 55, Laws of 1969.

(Judge TRAEGER) obviously construed this motion as a challenge to the arrest as did the state. Defendant requested a formal hearing on the motion but in no way objected to the court's interpretation of it. Defendant made no further objection to the sufficiency of the complaint before entering his plea.

Although the motion to quash entered before Judge TRAEGER on March 13, 1969, clearly appears to challenge *the arrest* of defendant, this does not dispose of the objections entered at defendant's initial appearance before Judge FARNUM on March 5, 1969. These objections were directed to the "form and substance" of the complaint, and to the "jurisdiction of the court." A motion to release defendant on these grounds was denied. The question is whether this was an adequate challenge to the sufficiency of the complaint. We think so.

Judge FARNUM apparently viewed the challenge to the complaint as based on sufficiency grounds and denied defendant's motion. There would be no reason, then, for requiring defendant to raise the matter again. The defendant has not waived his objections to the form and substance of the complaint.

As to the sufficiency of the complaint, we must examine both counts as against the challenge. The entire court is unanimously satisfied that the complaint as to the disorderly conduct charge (count one) fails because it does not state probable cause, *i.e.*, it omits the essential facts constituting the offense charged.[3]

Despite the fact that the state conceded on oral argument that the entire complaint was deficient, if the court reached that question, the majority of the court are of the view that the complaint is not insufficient insofar as the charge of resisting arrest (count two) is concerned. That count reads:

---

[3] *State v. Williams* (1970), 47 Wis. 2d 242, 253, 177 N. W. 2d 611.

"That on the 5th day of March, 1969, at the city of Janesville, in said county of Rock and state of Wisconsin, the said George Edward Smith, Jr., did unlawfully and knowingly resist an officer while such officer was doing an act in his official capacity and with lawful authority, contrary to section 946.41 (1) of the Wisconsin statutes; all against the peace and dignity of the state of Wisconsin and prays that the said George Edward Smith, Jr., may be arrested and dealt with according to law."

A majority of the court conclude that with respect to this type of offense, the charge as stated in statutory language is sufficient and that no further facts are necessary. A minority of three of the court, including the writer of this opinion, Mr. Justice HEFFERNAN, and one other member, consider count two of the complaint insufficient for the identical reason the complaint is deemed insufficient under the count for disorderly conduct. The court therefore concludes that the complaint is insufficient as to count one but sufficient as to count two.

The second issue presented on this appeal concerns defendant's conviction under the resisting arrest count: whether the trial court erred in ruling as a matter of law that the arrest for a misdemeanor committed in the officers' presence was lawful.

The common-law rule with respect to warrantless arrests for misdemeanors committed in an officer's presence is that the offense must constitute a breach of the peace.[4]

Wisconsin case law is to the effect, however, that a misdemeanor need not constitute a breach of the peace in order to justify an arrest without a warrant when the offense is committed in the officer's presence. The cases [5] cited by the defendant which contain language to the

---

[4] 5 Am. Jur. 2d, *Arrests*, p. 718, sec. 28.

[5] *Stittgen v. Rundle* (1898), 99 Wis. 78, 74 N. W. 536, cited with approval in *Gunderson v. Struebing* (1905), 125 Wis. 173, 104 N. W. 149, and *Allen v. State* (1924), 183 Wis. 323, 197 N. W. 808.

contrary all involve offenses not committed in the officer's presence, a fact this court noted in *Radloff v. National Food Stores, Inc.*[6]

Other cases involving a warrantless arrest for a misdemeanor committed in the officer's presence have consistently upheld the authority of the officer in such situations:

In *Hawkins v. Lutton,*[7] which involved the arrest, without a warrant, of an inmate of a disorderly house, the court, in upholding the arrest, stated:

". . . The [officers] . . . had a right at common law to arrest all persons who were guilty of a breach of the peace, *or other violation of the criminal laws, in their presence;* but in all such cases the arrest must be made at the time of the offense, or immediately after its commission." [8] (Emphasis added.)

In *Edwards v. State,*[9] however, there was clearly no breach of the peace involved. There the police entered an apartment where they found the defendant and another engaged in an act of sodomy. In upholding the arrest without a warrant the court noted:

"It is too well settled to require the citation of authority that an officer may arrest one committing a crime in his presence, whether it be a misdemeanor or a felony." [10]

---

[6] (1963), 20 Wis. 2d 224, 237a, note 2, 121 N. W. 2d 865, 123 N. W. 2d 570.

[7] (1897), 95 Wis. 492, 70 N. W. 483.

[8] *Id.* at pages 498, 499. It should perhaps be noted that this case involved a breach of the peace, however, since the police officers "had heard the disturbance and disorderly conduct from the outside of the house . . ." (*id.* at page 499), although this comment was directed to whether the offense was committed in the officers' presence.

[9] (1926), 190 Wis. 229, 208 N. W. 876.

[10] *Id.* at page 231.

In *Mantei v. State* [11] the court reaffirmed its holding in *Edwards*, [12] although it subsequently held that the search incident to this legal arrest went beyond permissible limits under the particular circumstances involved.

Similarly, *Gray v. State* [13] and *State ex rel. Tessler v. Kubiak* [14] upheld searches incident to legal arrests, which arrests were without warrants for misdemeanors committed in the officer's presence. Both of these decisions did not even question the legality of the arrests.

Sec. 954.03 (1), Stats., authorizing arrest without a warrant, which was in force at the time defendant was arrested, provided:

"**Arrest without warrant.** (1) WHEN LAWFUL. An arrest by a peace officer without a warrant for a misdemeanor or for the violation of an ordinance is lawful whenever the officer has reasonable grounds to believe that the person to be arrested has committed a misdemeanor or has violated an ordinance and will not be apprehended unless immediately arrested or that personal or property damage may likely be done unless immediately arrested. This subsection is supplemental to s. 62.09 (13) and shall not in any way limit any powers to arrest granted by that section." [15]

The defendant and the state are in dispute over the meaning of this statute. The state contends that this section, sec. 954.03 (1), Stats., applies only to misdemeanors not committed in the officer's presence. In an attorney general's opinion, [16] the following is stated:

---

[11] (1932), 210 Wis. 1, 245 N. W. 683.

[12] *Id.* at page 4.

[13] (1943), 243 Wis. 57, 9 N. W. 2d 68 (vagrancy, search led to charge of burglary).

[14] (1950), 257 Wis. 159, 42 N. W. 2d 496 (operation of motor vehicle without a driver's license, search led to charge of burglary).

[15] Sec. 62.09 (13), Stats., applies to city police officers.

[16] 45 Op. Atty. Gen. (1956), 289.

"In order to determine whether an arrest should be made without a warrant for a misdemeanor not committed in his presence in a specific case, these tests [of sec. 954.03 (1), Stats.] must be applied to the specific fact situation."[17]

This opinion is entitled to great weight[18] especially in view of the fact that the legislature declined to make any revision in the law in this respect until 1969 when the statute was repealed in a major revision of the Criminal Procedure Code. We conclude in Wisconsin an officer is permitted to make an arrest for any misdemeanor committed in his presence and without regard to whether the violation constitutes a breach of the peace.

We have considered all of the other arguments advanced by the defendant pointing to alleged errors of the trial court in connection with the conviction on the resisting-arrest charge and find them without merit.

*By the Court.*—Judgment affirmed as to conviction on resisting arrest count, and reversed as to conviction on disorderly conduct count.

WILKIE and HEFFERNAN, JJ., dissent in part.

[17] *Id.* at page 290.

[18] *See Union Free High School Dist. v. Union Free High School Dist.* (1934), 216 Wis. 102, 106, 256 N. W. 788. *See also: Wisconsin Valley Improvement Co. v. Public Service Comm.* (1960), 9 Wis. 2d 606, 616, 617, 101 N. W. 2d 798; *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 219, 220, 81 N. W. 2d 533.