NORMAN M. CLAPP, Secretary Department of Transportation
You have requested my opinion as to the authority of State traffic patrol officers where the State traffic patrol is acting under the provisions of sec. 22.165, Stats.
For the purposes of your questions, you assume the following fact situation: The Governor has properly activated the State traffic patrol under sec. 22.165, Stats. For the time being, no disturbances are occurring on state property, but demonstrators are creating a disturbance by throwing rocks and damaging structures and vehicles on private property. The city's police chief has asked the State patrol to restore order and make arrests for unlawful acts.
Your specific questions and my answers are as follows:
One: Can the state patrol legally respond to this situation?
Answer: Yes.
Two: Can they function under their own authority?
Answer: Yes.
Three: Must state troopers be impressed in a posse comitatus before they can render this aid?
Answer: No.
Four: Is the law enforcement activity of the state patrol limited to state property and the confines of the highway?
Answer: No.
Five: Would the answer be different if the state patrol were asked to rescue law enforcement officers surrounded by demonstrators and whose safety is seriously threatened?
Answer: No.
Six: If a state patrolman standing on the street is struck by a missile thrown from private property, can the state patrol go onto the private property to arrest the violator? *Page 322 
Answer: Yes, but limited to the same extent a sheriff could under similar circumstances.
Seven: In this circumstance, under what part of the State patrol's authority is it acting?
Answer: Sections 22.165, 59.24, 66.305, 110.07 (2m) and 968.07
(1) (d), Stats.
Eight: Can a state patrolman go onto private property to makes arrests without a warrant for a crime committed in his presence on private property?
Answer: Yes, but limited to the same extent a sheriff could in similar circumstances. See sec. 968.07 (1) (d), Stats.
Nine: Can a state patrolman arrest for an ordinance violation?
Answer: Probably not, although sec. 59.24, Stats., would enable a state patrol officer to serve processes in ordinance violation cases which are civil actions.
Ten: Where state patrolmen observe persons breaking windows and throwing Molotov cocktails on private property, can they arrest for these violations?
Answer: Yes.
Eleven: Where the Governor has invoked sec. 22.165, Stats., to protect state property in Madison, can the State Patrol make arrests for damage or attempted damage to private property in Bayfield County, for example?
Answer: Probably not, but it would depend on the scope of the language used by the Governor in his determination filed with the Secretary of State.
Section 110.07 (1) and (2), Stats., sets forth the primary duties of State traffic patrol officers with respect to the enforcement of statutes therein enumerated. Section 110.07 (2m), Stats., gives such officers additional powers with respect to general misdemeanors or felonies which are committed on a highway in the presence of an officer.
Section 110.07 (2m), Stats., reads: *Page 323 
"(2m) In addition to the primary powers granted by subs. (1) and (2), any officer of the state traffic patrol who is in uniform and on duty may arrest without warrant any person who commits a misdemeanor or a felony on the highway in his presence, or who is transporting a stolen motor vehicle or who is fleeing from the scene of a crime or from other law enforcement officers and deliver him to the sheriff or police chief in the jurisdiction where the arrest is made. A state traffic officer making an arrest pursuant to this subsection shall at all times be available as a witness for the state."
Under this statute, a State Patrol officer may arrest any person who commits a crime on the highway in his presence or who transports a stolen vehicle or flees from the scene of a crime or from other law enforcement officers. For this purpose, the officer may pursue the violator onto private property to make the arrest.
The Attorney General has previously advised that State patrol officers could arrest for certain violations which occur on private property where they have been requested to aid other peace officers as a part of a possecomitatus. 45 OAG 152 (1956); 47 OAG 209 (1958); 56 OAG 96 (1967).
In 1969 the legislature created sec. 22.165, Stats., by ch. 349, Laws of 1969. That chapter entitled the section "State traffic patrol and conservation warden duties during civil disorder."
It is presumed that the legislature was aware of the authority of the State patrol under the provisions of sec. 110.07 (2m), Stats., and of the statutes and opinions of the Attorney General which permitted State patrol officers to act as a part of a posse comitatus at the request of a sheriff or other law enforcement official pursuant to secs. 59.24 and968.07 (2), Stats., to apprehend or secure any person for commission of a felony or breach of the peace or aid in a lawful arrest.
It is my opinion that the legislature intended that sec. 22.165, Stats., would empower State patrol officers acting under it to do more than merely protect persons on State *Page 324 
property and State property itself. It authorizes them to exercise the powers of a sheriff under sec. 59.24, Stats., where there is a threat to lives or property caused by conditions of a civil disorder.
Section 22.165, Stats., provides:
"State traffic patrol and conservation warden duties during civildisorder. Without proclaiming a state of emergency, the governor may, in writing filed with the secretary of state, determine that there exists a condition of civil disorder or a threat to the safety of persons on state property or damage or destruction to state property. Upon such filing, he may call out the state traffic patrol or the conservation warden force or members thereof for use in connection with such threat to such life or property. For the duration of such threat, as determined by the governor, such officers shall have the powers of a peace officer as set forth in s. 59.24, except that such officers shall not be used in or take part in any dispute or controversy between employer or employe concerning wages, hours, labor or working conditions."
The statute is somewhat ambiguous on its face and is, therefore, subject to construction.
Intent of the legislature is a controlling factor in the interpretation of a statute. Statutes cannot be construed in a vacuum without resort to historical background preceding their enactment and evils sought to be obviated thereby. While titles to sections are not part of a statute, they may be resorted to in order to resolve doubt as to statutory meaning.
While the legislature has in past years been reluctant to extend the powers of the State patrol over and above their traffic patrol work, ch. 349, Laws of 1969, was enacted at a time immediately following a series of riots and civil disorders unprecedented in Wisconsin history. While certain of the events did cause damage to state property and threaten the safety of persons on State property, the legislature was aware that riots and civil disorders were equally dangerous to the safety of private property and to persons lawfully *Page 325 
thereon. It was also aware that there would be possible and probable threats to State property and the persons thereon if a condition of civil disorder existed on private property, especially if the condition were engendered by persons not lawfully thereon. The dominant purpose of the statute is to allow State officers, under the control of State authorities, to be used whenever and wherever a condition of civil disorder not related to an employer-employe dispute exists. The title of the section sets forth that purpose and it is also included in the body of the section. The secondary purpose is to permit the use of such force, under State control, when State property or persons upon it are in danger, this being a condition of lesser turbulence than general civil disorder and hence limited to State property.
I am of the opinion that sec. 22.165, Stats., grants authority to the Governor to call out the State traffic patrol upon a determination thatany one of three conditions exists: (1) a civil disorder or (2) a threat to the safety of persons on State property or (3) a threat of damage or destruction to State property. The Governor may activate State traffic patrol officers for use in connection with any of the foregoing circumstances.
Given the gubernatorial written authority, such officers
"* * * shall have the powers of a peace officer as set forth in s. 59.24 * * *."
Section 939.22 (22), Stats., defines "peace officer" as:
"(22) `Peace officer' means any person vested by law with a duty to maintain public order or to make arrests for crime, whether that duty extends to all crimes or is limited to specific crimes."
Section 59.24, Stats., becomes the primary source of authority in such instances. If the officers are called out for service in a given county, they at least have countywide powers equal to sheriffs within that county.
I am of the opinion that the Governor could give the officers power to act in one, several, or all counties by designating the same in writing, even though the major threat may be in one county. *Page 326 
Section 59.24 (1), Stats., provides:
"(1) Sheriffs and their undersheriffs and deputies shall keep and preserve the peace in their respective counties and quiet and suppress all affrays, routs, riots, unlawful assemblies and insurrections; for which purpose, and for the service of processes in civil or criminal cases and in the apprehending or securing any person for felony or breach of the peace they and every coroner and constable may call to their aid such persons or power of their county as they may deem necessary."
When acting under secs. 22.165 and 59.24, Stats., I am of the opinion that State patrol officers can act under their own authority (direction by the Governor and State officials) and can "keep the peace * * * and quiet and suppress all affrays, routs, riots, unlawful assemblies and insurrections" and enforce general criminal statutes without being impressed in a posse comitatus. Since their powers in such instance are equal to those of the sheriff, they can act on state, county, municipal and private property to the same extent as a sheriff can. They can enter a house with permission and can certainly act on or in private property at the request of the owner or occupant, as the case may be.
With respect to arrest without a warrant for misdemeanor committed in the presence of an officer, see State v. Smith (1971), 50 Wis.2d 460,184 N.W.2d 889, which approves of the opinion reported at 45 OAG 289 (1956).
Section 954.03, Stats., was repealed by ch. 255, sec. 55, Laws of 1969, effective July 1, 1970, and arrest without a warrant is now governed by sec. 968.07, Stats., which reads in part:
"(1) A law enforcement officer may arrest a person when:
"* * *
"(d) There are reasonable grounds to believe that the person is committing or has committed a crime."
In 46 OAG 280, 283 (1957), it is stated that:
"* * * As a general proposition a law enforcement officer is clothed with the powers and correlative responsibilities of *Page 327 
his office anywhere within the territorial limits of the governing body for which he acts. Thus, the sheriff, town constable, village marshal, and city police officer, have the duty and responsibility to maintain law and order throughout the county, town, village, and city respectively, regardless of who owns the land or buildings therein. Secs. 59.24, 60.54,61.28, 61.31 (2) and 62.09 (13), Stats. Unless otherwise provided by statute, this general principle applies with equal force to both privately and state-owned lands and buildings. In other words, law enforcement officers have the same law enforcement powers and duties upon state-owned lands as they have everywhere else within their county, town, village or city, as the case may be, provided the offense is one falling within the cognizance of their enforcement power. This is limited, however, to enforcement of the state law and does not include local ordinances. 62 C.J.S. 319, sec. 157; 46 OAG 131."
Also see 45 OAG 267 at 270.
My conclusions do not mean that the Governor can activate the State patrol for service under sec. 22.165, Stats., without good cause. However, if he determines that there is a danger to persons on State property or danger to State property or there exists a condition of civil disorder, and such determination is within reason, his activation of the State patrol, wardens, or a portion thereof, enables such officers to carry out full powers under sec. 59.24.
While most arrests could be expected to be in connection with the named civil disorder or threat to the safety of persons on State property or damage to specific State property, arrests for any crime on any property, within the county or counties designated by the Governor, would be valid if they would have likewise been valid if made by a sheriff.
RWW:RJV