ROBERT RAHR FLATLEY, Corporation Counsel, Brown County
You have requested my opinion whether a county executive has authority to appoint the members of the county highway committee.
I am of the opinion that he does not.
Section 59.032 (2) (b) and (c), Stats., provides in part:
"(b) Appoint the heads of all departments of the county except those elected by the people and except where the law provides that the appointment shall be made by a board or commission or by other elected officers; but he shall also appoint all department heads where the law provides that the appointment shall be made by the chairman of the county board or by the county board. Such appointments shall require the confirmation of the county board.* * *
"(c) Appoint the members of all boards and commissions where the law provides that such appointment shall be made by the county board or the chairman of the county board. All appointments to boards and commissions by the county executive shall be subject to the confirmation of the county board." (Emphasis supplied.)
The appointing power of the executive under sec. 59.032 (2)(b), Stats., is only concerned with heads of departments, and excepts those departments headed by an official elected by the people and those required by statute to be appointed by a board, other than the county board, by a commission or by other elected officers. I construe "other elected officers" as those elected by the people, such as a judge, and not an official "elected" by the county board. As later herein discussed, such "election" by the county board is really an appointment. Even after it is determined *Page 117 
that a given area of county government constitutes a department, separate determination must be made as to what official or what official body constitutes the head of such department. The county highway committee and county highway commissioner both have substantial authority with regard to the county highway department. See secs. 83.01, 83.015, Stats. I am of the opinion that the commissioner is the head of such department within the meaning of sec. 59.032 (2), Stats. Since the county highway committee is not the head of the county highway department, sec. 59.032 (2) (b), Stats., does not provide authority for the county executive to appoint its members.
I will proceed to determine whether authority can be found under sec. 59.032 (2) (c), Stats.
Section 83.015 (1) (a), Stats., provides that each county board at its annual meeting "shall by ballot elect a committee" to serve for one year and until their successors are "elected;" that vacancies are filled by "appointment" by the chairman of the county board, "until the next meeting of the county board" and that "the committee shall be known as the `county highway committee,' and shall be the only committee representing the county in the expenditure of county funds in constructing or maintaining * * * highways." Section 83.015 (1) (b), Stats., provides that in counties over 200,000 population "the membership, manner of appointment, and the terms of the members" shall be fixed by the county board.
County officers must be elected by the people orappointed by the county board or other county authorities orappointed as the legislature may direct.
Article VI, sec. 4, Wis. Const., provides in part:
"Sheriffs, coroners, registers of deeds, district attorneys, and all other county officers except judicial officers and chief executive officers, shall be chosen by the electors of the respective counties once in every two years.* * *"
Article XIII, sec. 9, Wis. Const., provides in part:
"All county officers whose election or appointment is not provided for by this constitution shall be elected by theelectors of the respective counties, or appointed by the boardsof *Page 118 supervisors, or other county authorities, as the legislature shall direct. * * * All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall beelected by the people or appointed, as the legislature maydirect." (Emphasis supplied.)
In State ex rel. Williams v. Samuelson (1907), 131 Wis. 499,512, 111 N.W. 712, it was held that the phrase "all other county officers" incorporated into Art. VI, sec. 4, Wis. Const., by amendment in 1882, means the heads of the several major divisions of county government existing at that time, and the section as amended does not take away the legislative power mentioned in Art. XIII, sec. 9, Wis. Const., to create other county offices with other duties and to provide for the manner of filling such offices and the terms thereof.
The term "election" as used in the Wisconsin Constitution constitutes an exercise of the sovereign political power of the state by and through those who are entitled to the right of suffrage. State ex rel. La Follette v. Kohler (1930), 200 Wis. 518,555, 228 N.W. 895.
In 25 Am. Jur. 2d, Elections, sec. 1, 691, 692, it is stated:
"The words `elect' and `appoint' are not legally synonymous. The term `election' carries with it the idea of a choice in which all who are to be affected by the choice participate, whereas an appointment is generally made by one person or by a limited number acting with delegated powers. However, the words are sometimes indiscriminately employed in constitutional and statutory provisions, and for the purpose of ascertaining the correct interpretation, the courts must give to the word used a meaning according to the connection in which it is found. Thus, in some provisions the word `election' has been held to be equivalent to the word `appointment,' * * *."
Although sec. 83.015 (1) (a), Stats., uses the word "elect," I am of the opinion that members of the highway committee are appointed by the county board. Note that subsec. (1) (b), applicable to counties having a population of over 200,000, refers to "manner of appointment." *Page 119 
Membership on the committee is not limited to county board members, but each serves a definite term and holds office until his successor is chosen. 48 OAG 241 (1959), 46 OAG 175, 176 (1957).
Section 45.43 (1), Stats., provides that the county board shall "elect" a county veterans' service officer. In 55 OAG 260 (1966), it was stated that he was really an officer appointed by the county board.
The only manner in which a county board can act is pursuant to a vote taken of its members. See sec. 59.02, Stats. The supervisors cast their votes to effect an appointment.
In State ex rel. Burdick v. Tyrrell (1914), 158 Wis. 425, 434,149 N.W. 280, the Supreme Court considered a city charter which provided that the council may "elect" a city attorney. At page 434 the court stated:
"* * * Perhaps, accurately speaking, under sec. 9, art. XIII, Const., and the provisions of the city charter in the instant case the council appoint and do not elect the city attorney. Butwhether the term `elect' or `appoint' be used in the charter thepower of the council over the subject matter is the same. It isin reality an appointing power, and under the terms of the charter under consideration is to be exercised by the common council as a collective body, * * *." (Emphasis supplied.)
It can be argued that, since members of the county highway committee are appointed by the county board, the county executive would have power under sec. 59.032 (c), Stats., to make the appointments in a county having an executive. This would hold true only if the highway committee is a board or commission
within the meaning of sec. 59.032 (2) (c), Stats. I am of the opinion that it is not.
The legislature did not include the word "committees" in sec. 59.032 (2) (c), Stats. It could easily have done so if it had intended to include committees.
The legislature may have avoided the word "committee" only to insure that there would be no question but that the county board chairman could continue to exercise the important appointive power over committees of the county board, made up *Page 120 
of county board members, established by board resolution pursuant to sec. 59.06, Stats. The legislature did not intend to interfere with the traditional committee system employed by various county boards to carry out county business of an investigative, legislative or minor administrative nature.
However, the legislature, if it had intended to include committees in the nature of commissions, could have specifically named the special committees involved. Having not done so, I am of the opinion that the legislature, being fully informed of the long history and function of the county highway committee, used the words "boards and commissions" advisedly to the exclusion of "committees" and did not intend that the executive have power to appoint members of the county highway committee.
RWW:RJV