DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You ask whether sec. 74.78, Stats., applies in the situation described below and, if so, whether there is an applicable statute of limitations.
A village, which then comprised the entire territory of a school district, in 1970 annexed parts of two towns, each part being in a separate school district. Neither of the annexed areas was transferred to the school district containing the village. However, the village collected school taxes for 1970-1977 from the property in the annexed areas and paid that tax to the "village" school district which provided schooling for the children residing in the annexed areas. The question is whether the two "town" school districts may now recover from the "village" school district the school taxes erroneously paid to the latter and, if so, is there any limit to the number of years for which recovery may be had.
At the outset it should be noted that annexation of territory from a town to a village does not by itself change school district boundaries. Greenfield v. West Milwaukee, 272 Wis. 215,226, 75 N.W.2d 424 (1956). Thus, in your case, the children living in the annexed areas should have continued to attend the "town" school districts.
Until 1925 there was no specific statute allowing recovery in a situation such as you describe. Chapter 303, Laws of 1925, created sec. 40.22, Stats. (1925), which provided, so far as here material, that "[w]henever any tax owing by one school district is erroneously assessed against the property of and paid by another district, the latter district shall be reimbursed." The section went on to provide that upon proof of such an error the clerk of the debtor district should:
 [O]n the next succeeding tax roll of his town extend against the property of the district which should have paid the former tax a sum sufficient to reimburse the other district for the amount so paid, with interest at six per cent from date of payment, and the same shall be collected and paid as other school district taxes are collected and paid. When such tax is paid to the town treasurer he shall draw his warrant therefor payable to the treasurer of the district which paid such tax. *Page 391 
A legislative committee created to revise the school laws submitted a bill which became ch. 425, Laws of 1927, and renumbered sec. 40.22 to 74.78, Stats., and revised it to its present form. A note to S. 13 (1927), which became ch. 425, Laws of 1927, states that in the revision of sec. 40.22, "[n]o change in substance is proposed." Section 74.78, Stats., provides:
 Recovery of taxes paid by wrong school district. Whenever any debt or tax owing by a school district is assessed against and paid by another district, such tax plus six per cent shall be entered in the next tax roll against the taxable property in the debtor district, and when collected shall be paid to the treasurer of the district, against which the tax was so erroneously assessed.
14 Op. Att'y Gen. 443 (1925), in discussing sec. 40.22, Stats. (1925), did not discuss the meaning of the words, "any tax owing by one school district," stated in sec. 74.78, Stats. (1977), as "any debt or tax owing by a school district." Nevertheless, I deem it reasonably clear that what is intended under either form is a property tax levied on land in school district A and paid to school district B which is not entitled to it. That was the situation involved in 14 Op. Att'y Gen. 443 (1925) and in 20 Op. Att'y Gen. 1177 (1931). Each of those opinions concluded that the statute was applicable and that there was no limit to the time for which recovery could be had. Certainly, a school district does not, in a literal sense of the words, owe a tax to anyone. School taxes are collected by towns, villages, and cities and are paid over to school districts. If the wording of sec. 74.78, Stats., in this regard be deemed ambiguous so that construction of the language is necessary, the two opinions of my predecessors, which the Legislature has acquiesced in for approximately half a century, are entitled to "great weight."State v. Smith, 50 Wis.2d 460, 472, 184 N.W.2d 889 (1971). Also, if it be suggested that the 1927 revision of the statute changed its meaning, it should be noted that a revision does not change the meaning of a statute unless the new language is so clear as to be subject to no other interpretation. George Williams Collegev. Williams Bay, 242 Wis. 311, 316, 7 N.W.2d 891 (1943). Here, of course, a note attached to the revision bill expressly states that no change in substance is proposed, and such a note is important in construing the legislative intent. George WilliamsCollege, 242 Wis. at 315. *Page 392 
It is my conclusion that sec. 74.78, Stats., is applicable to the situation you describe.
I also am of the opinion that the limitations in sees. 893.19
(4) and 895.43 (1), Stats., are applicable.
Sections 61.51 (4) and 118.26, Stats., make see. 895.43, Stats., applicable to villages and school districts. Section895.43 (1)(a), Stats., bars any action against a governmental subdivision unless a claim is served on the subdivision within 120 days after the event giving rise to the claim, with one exception. Failure to serve the notice, or to serve it timely, does not bar action on the claim if the subdivision had actual notice and the claimant satisfies the court "that the delay or failure to give the requisite notice has not been prejudicial to the . . . subdivision." Although the provisions of sec. 895.43
(1)(a) and (b), Stats., are far from clear, it is probable that one seeking to bring himself within the exception in para. (a) first should comply with the requirements of para. (b), including the six-month limit upon bringing action after the claim has been disallowed by the governmental subdivision. I express no opinion whether the exception provided by see. 895.43 (1) (a), Stats., would apply in the situation you have described.
Section 893.19 (4), Stats., raises another question in the situation you describe where the tax error began in 1970. That statute creates a six-year limitation on actions upon liabilities created by statute "when a different limitation is not prescribed by law."
This office on three occasions said no statute of limitations applies to the predecessor of sec. 74.78, Stats.: 14 Op. Att'y Gen. 443 (1925), 20 Op. Att'y Gen. 1177 (1931), and 24 Op. Att'y Gen. 170 (1935). Collectively, these opinions rested on three grounds: (1) there is no limitation in sec. 40.22, Stats. (1925) (now sec. 74.78, Stats.), or in any other section of the statutes, 14 Op. Att'y Gen. at 444; (2) in any event a limitations statute is inapplicable to recovery under sec. 74.78, Stats., because the recovery is not based on an action at law, 20 Op. Att'y Gen. at 1178; and (3) a limitations statute is inapplicable to recovery under sec. 74.78, Stats., because the officers of the aggrieved school district and the clerk of the town erroneously assessing school taxes are under a continuing duty to correct the errors, 20 Op. Att'y Gen. at 1178-79. *Page 393 
I believe these opinions are in error and that the six-year limitation period of sec. 893.19(4), Stats., applies to recovery under sec. 74.78, Stats.
Section 893.19(4), Stats., provides for a six-year limitation on actions upon liabilities created by statute when a different limitation is not prescribed by law. Recovery under sec. 74.78, Stats., clearly stems from a liability created by statute. No limitation for such recovery is prescribed by law. Although the procedure under sec. 74.78, Stats., is not an action at law, a court action under sec. 895.43, Stats., predicated on the rights and duties established by sec. 74.78, Stats., would be an action at law.
Moreover, the contention that there can be no limitations to a continuing duty was rejected in Milwaukee v. Firemen ReliefAsso.r, 34 Wis.2d 350, 149 N.W.2d 589 (1967). There, the limitation of sec. 893.19 (4), Stats., was applied to a claim against a city based on an obligation continuing from 1891 to 1957.
In view of the foregoing, it is my conclusion that sec. 74.78, Stats., applies to the situation you describe and that the six-year statute of limitations is applicable.
BCL:EWW