WILLIAM F. BOCK, Corporation Counsel Racine County
You advise that Racine County has an elected county executive and a county institution which is governed by a seven member board of trustees pursuant to sec. 46.18(1), Stats., which provides:
 TRUSTEES. Every county home, infirmary, hospital, tuberculosis hospital or sanitorium, or similar institution, or house of correction established by any county whose population is less than 500,000 shall (subject to regulations approved by the county board) be managed by a board of trustees, electors of the county, chosen by ballot by the county board. At its annual meeting, the county board shall appoint an uneven number of trustees, from 3 to 9 at the option of the board, for staggered 3-year terms ending the first Monday in January. Any vacancy shall be filled for the unexpired term by the county board; but the county chairman may appoint a trustee to fill the vacancy until the county board acts.
The board of supervisors has proposed that the board of trustees be organized and appointed as follows:
 High Ridge Board of Trustees. Pursuant to 46.18, Wis. Stats., the trustees shall consist of seven (7) members. These members shall be appointed at the annual meeting of the County Board for staggered three (3) year terms ending the first Monday in *Page 182 
January. Four (4) members of the board shall be County Board supervisors appointed by the County Board Chairman. The terms of the supervisors shall expire in the event that a supervisor fails to be re-elected to the County Board and a successor shall be appointed to fill the unexpired term. Three (3) members shall be citizens appointed by the County Executive and confirmed by the County Board. County Board supervisors serving on the board of trustees shall not receive any additional salary or per diem other than normally received as a County Board supervisor.
 1. Can the County Board, pursuant to 46.18(1), Wis. Stats., specify that four of the members of the board of trustees shall be county board supervisors?
In my opinion, the county board could, by ordinance, require that four of the trustees be county board supervisors. Section46.18(2), Stats. (1977), provided that "no member of the county board shall serve as a trustee during the term for which he was elected." That portion of sec. 46.18(2), Stats., was repealed by ch. 34, sec. 825d, Laws of 1979. Section 856m of the same session law amended sec. 59.03(4), Stats., to provide in part:
 COMPATIBILITY. No county officer or employe is eligible to the office of supervisor, but a supervisor may also be a member of a committee, board or commission appointed or created under s. 59.025(3), a town board, a mosquito control district, the common council of his or her city, the board of trustees of his or her village or the board of trustees of a county institution appointed under s. 46.18.
Section 46.18(1), Stats., specifies the number of trustees to be appointed as well as the length of their terms. The statute is silent as to whether trustees must or can be county board supervisors. I am of the opinion that the county board could specify qualifications for the board of trustees.
In The Supervisors of La Pointe v. O'Malley and another,47 Wis. 332, 336, 2 N.W. 632 (1879), the supreme court held: *Page 183 
 [W]hen any subject of legislation is entrusted to said county boards, by general words, such boards acquire the right to pass any ordinance necessary or convenient for the purpose of disposing of the whole subject so committed to them; and that, for the purpose of disposing of such subject, they have all the powers the legislature itself would have over the same subject, unless the legislature, in conferring such power, has restricted the power of the boards, or directed that it should be done in a certain way.
 2. If they are permitted to so specify, who has the authority to appoint those supervisors, the County Board Chairman or the County Executive?
The power to appoint all trustees would reside in the county executive subject to confirmation by the county board.
Section 46.18(1), Stats., provides that the trustees be electors of the county chosen by ballot by the county board. Section 46.18(1), Stats., uses the words the "county board shallappoint . . . trustees . . . for staggered 3-year terms." Where there is not a county executive, ballots are utilized by the county board to "appoint." See 61 Op. Att'y Gen. 116 (1972). Where there is a county executive, sec. 59.032(2)(c), Stats., transfers the power of appointment of members of the board of trustees to such officer and provides:
 The duties and powers of the county executive shall be:
. . . .
 (c) Appoint the members of all boards and commissions where the law provides that such appointment shall be made by the county board or the chairman of the county board. All appointments to boards and commissions by the county executive shall be subject to the confirmation of the county board.
In my opinion the board of supervisors could not provide that the term of a sec. 46.18, Stats., trustee who was a supervisor would end on his or her failure to be reelected as supervisor. Wisconsin Constitution art. XIII, sec. 1 provides: "The legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy, where no provision is made for that purpose in *Page 184 
this constitution." The Legislature has provided in sec. 17.03, Stats., how vacancies in certain county offices are caused. In my opinion, they are applicable to the office of trustee of a county institution appointed under sec. 46.18(1), Stats., and such provisions do not include causal of a vacancy in the separate office of trustee by failure to be reelected as supervisor. In sec. 46.18(3), Stats., the Legislature provided that "[a] ny trustee may be removed from office for misconduct or neglect, by a two-thirds vote of the county board, on due notice in writing and hearing of the charges against him."
 3. In the event that the answer to #1 is yes and the answer to #2 is the County Executive, can the County Board change the proposed rule to in effect create a High Ridge committee which would be a standing committee of the County Board and which committee would also be four out of the seven members on the board of trustees? In this situation, it is presumed that the County Board Chairman could appoint the members of the High Ridge Committee as he appoints members of all other County Board committees.
The answer to the question as stated is no. But the county board does have power, under sec. 59.025(3), Stats., to abolish the board of trustees appointed under sec. 46.18(1), Stats., and to create another board, commission or committee and transfer all of the powers of the present board of trustees to such other agency including a committee of the county board appointed pursuant to sec. 59.06, Stats. Members of a board or commission created under sec. 59.025(3), Stats., if not elected, would be appointed by the county executive subject to confirmation by the county board by reason of the express limitation in secs. 59.025(4), 59.032(2)(c), Stats. The latter section is quoted above. Section 59.025(4), Stats., provides in part: "The county board may determine the method of selection of any county offices except for . . . . The method may be by election or by appointment and, if by appointment, the county board shalldetermine the appointing authority, subject to ss. 59.031 and59.032." The county board could provide that a portion or all of the members of a board, commission or committee created under sec. 59.025(3), Stats., to manage a county institution, be supervisors. Where the county board abolished the sec. 46.18(1), Stats., board of trustees and appointed a committee of the county board pursuant to sec. 59.06, Stats., membership on such committee would be limited to board members and appointment *Page 185 
would be by the county board chairman. Forest County v. Shaw,150 Wis. 294, 136 N.W. 642 (1912). This opinion is not to be construed as a recommendation to deviate from the statutory plan of operation of county institutions provided for in sec. 46.18, Stats., which provides for a certain degree of independence in the board of trustees operating a county institution.
BCL:RJV