MATTHEW F. ANICH, District Attorney Ashland County
You have requested my opinion as to whether sec. 895.35, Stats., is applicable to criminal charges brought against a former member *Page 5 
of the county highway committee based upon alleged fraudulent filing of expense vouchers. You indicate that at the preliminary hearing the court failed to find probable cause and dismissed all criminal charges. Specifically you have asked:
 1. Whether a former member of a county highway committee is an "officer" as that term is used in sec. 895.35, Stats.
 2. Whether criminal charges commenced against a former county highway committee member based upon submission of vouchers for payment for meals are charges "brought against an officer in his official capacity."
 3. Whether criminal charges based upon submitting expense vouchers to a county can be said to "grow out of the performance of official duties."
Section 895.35, Stats., provides in pertinent part:
 Whenever in any city, town, village, school district, vocational, technical and adult education district or county charges of any kind are filed or an action is brought against any officer thereof in his official capacity, or to subject any such officer, whether or not he is being compensated on a salary basis, to a personal liability growing out of the performance of official duties, and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, or in case such officer, without fault on his part, is subjected to a personal liability as aforesaid, such city, town, village, school district, vocational, technical and adult education district or county may pay all reasonable expenses which such officer necessarily expended by reason thereof.
You first ask whether a member of a county highway committee is an officer of the county as that term is used in sec. 895.35, Stats. According to Black's Law Dictionary, a public officer is one who holds a position by election or appointment and exercises a part of the sovereign power of government. Black's LawDictionary 976-77 (5th ed. 1979). See also the definition of public official set forth in Black's Law Dictionary 1107 (5th ed. 1979). Members of the county highway committee are elected or appointed for a fixed term, sec. *Page 6 83.015 (1), Stats.; 61 Op. Att'y Gen. 116 (1972), and exercise powers and duties pursuant to legislative enactment and authority of the county board, sec. 83.015 (2), Stats. Moreover, my predecessors have on several occasions referred to the position as an office. 61 Op. Att'y Gen. 116 (1972); 48 Op. Att'y Gen. 241 (1959); 46 Op. Att'y Gen. 175 (1957). It is therefore my opinion that a member of the county highway committee is an officer as that term is used in sec. 895.35, Stats.
The fact that the individual involved was no longer a member of the county highway committee at the time the criminal charges were brought against him does not change my opinion. The information which you have provided for me indicates clearly that the charges arise out of the period of time when he was such a member. In my view it would be patently unreasonable to apply the statute on the basis of the time when the charges are made rather than the time when the alleged offense occurred. Furthermore, my opinion that the statute is applicable to former officers as long as the charges are based on incidents occurring while they were officers is in keeping with the position which this office has consistently taken on behalf of state officers, employes and agents pursuant to secs. 165.25 (6), 893.82 and 895.46, Stats. While those statutes all deal with civil actions, rather than criminal, as here, the applicability of the statutes is based upon the status of the official at the time of the incident giving rise to the suit, not the time of commencement of the suit.
Your second question inquires whether criminal charges based upon submission of an allegedly false expense voucher are "brought against an officer in his official capacity." In my opinion, on the facts as you present them, the answer is yes. While I caution that questions concerning whether a public officer is acting in his official capacity must be determined on a case-by-case basis, it is my opinion that when a public officer is alleged to have completed an expense statement or voucher falsely then he is alleged to have acted in his official capacity in that he is alleged to have misused his official position.
Your third question inquires whether criminal charges based upon an officer's submission of expense statements or vouchers can be said to "grow out of the performance of official duties." In my opinion, the answer is yes. The phrase, "growing out of the performance of official duties," as used in sec. 895.35, and the same, or similar, *Page 7 
phrases used in secs. 893.82 and 895.46, Stats., must be construed broadly to effect the legislative purpose of providing protection for public officers in all appropriate circumstances. The very use of the two different phrases in the statute, inquired about in your second and third questions, indicates a legislative intent to provide broad coverage for public officers. Again, while I would caution that different circumstances arising under this statute would have to be evaluated on a case-by-case basis, under the facts, as you present them, it is my opinion that a public officer submitting an expense voucher as a result of travel on government business is performing an act "growing out of the performance of official duties."
You are, of course, quite correct in your conclusion thatBablitch Bablitch v. Lincoln County, 82 Wis.2d 574,263 N.W.2d 218 (1978), holds that payment of such expenses pursuant to sec.895.35, Stats., is permissive, not mandatory as it would be in the case of a civil action involving sec. 895.46, Stats. It is therefore my opinion that since sec. 895.35, Stats., provides that the government has authority to pay expenses either based upon an action brought against an officer in his official capacity. or imposing a liability growing out of the performance of official duties, and since both tests are met in the fact situation you describe, the county is empowered to pay such expenses if it sees fit to do so.
BCL:CRL