DENNIS KENEALY, Corporation Counsel Fond du Lac County
You request my opinion whether it is the county executive or the county board which has the authority to make appointments to the land conservation committee, created by the county board pursuant to section 92.06, Stats.
In my opinion, appointments to the Land Conservation Committee are to be made by the county board and not by the county executive.
Prior to 1982, chapter 92, then entitled the "soil and water conservation district law," provided for soil and water conservation programs and functions implemented in part through an organizational structure which included a state board of soil and water conservation districts and county soil and water conservation districts. At that time, the Legislature viewed the question of whether conservation of soil, water or related resources presented a problem of public concern within a particular county as a matter to be determined by each county board. If a county board of supervisors determined that conservation of soil, water or related resources presented a problem of public concern in the county, it could declare the county to be a soil and water conservation district. Sec. 92.05, Stats. (1979-80). In that event, the statutes provided that the county board's agricultural and extension committee, created under section 59.87(2), which could be augmented by not more than two additional non-county board members, would be the supervisors of said district. Sec. 92.06, Stats. (1979-80).
By the enactment of chapter 346, Laws of 1981, however, the Legislature recognized that the continual depletion of our soil resources by wind and water erosion and nonpoint sources of pollution had become "state problems" which were endangering our state's citizens, resources and productivity. It, therefore, abolished both the existing state board and the county soil and water conservation districts and created a new state land conservation board *Page 174 
and required the creation of a county land conservation committee by the county board in every county. Section 92.06 now provides that each county board "shall appoint to the land conservation committee" at least two persons who are members of the committee on agriculture and extension education, created under section59.87(2), a person from the county agricultural stabilization and conservation committee, any number of county board members and not more than two additional non-county board members.
As you point out, in counties having an elected county executive that executive makes most of the appointments which would otherwise normally be made by the county board or county board chairperson. The principal appointment powers of the county executive in your county are set forth in section 59.031(2)(br) and (c), which provides in part as follows:
 (br) In any county with a population of less than 500,000, appoint and supervise the heads of all county departments except those elected by the people and except where the statutes provide that the appointment shall be made by other elected officers. Notwithstanding any statutory provision that a board or commission or the county board or county board chairperson appoint a department head, except s. 17.21, the county executive shall appoint and supervise the department head. Notwithstanding any statutory provision that a board or commission supervise the administration of a department, the department head shall supervise the administration of the department and the board or commission shall perform any advisory or policy-making function authorized by statute . . . .
 (c) Appoint the members of all boards and commissions where appointments are required and where the statutes provide that the appointments are made by the county board or the chairperson of the county board.
Similar appointment authority may be exercised by county administrators in counties which have such a chief administrative officer. See sec. 59.033(2)(b) and (c), Stats.
You express the view that the county executive has authority to appoint the members of the Land Conservation Committee pursuant to above provisions of section 59.031(2)(c), since you feel such committee more clearly equates with a typical "board" or "commission" than with the more traditional standing committee of the *Page 175 
county board, created under section 59.06. However, in 61 Op. Att'y Gen. 116 (1972), this office rejected the argument that the Legislature intended to include the appointment of members of committees which were in the nature of boards and commissions within the appointive power of the county executive. That opinion addressed the same language as contained in present section 59.031(2)(c) and concluded that the Legislature used the words "boards and commissions" advisedly to the exclusion of "committees," whether such "committees" were created under section 59.06 or some other statutory authority. 61 Op. Att'y Gen. at 119-20. I believe that that interpretation of the operative statutory language is correct. Such a long-standing construction by the attorney general will be given great weight by the courts. State v. Smith, 50 Wis.2d 460, 471-72,184 N.W.2d 889 (1971); Elkhorn School Dist. v. East Troy School Dist.,110 Wis.2d 1, 4, 327 N.W.2d 206 (Ct.App. 1982). In my opinion, it may reasonably be presumed that the Legislature acted advisedly and with full awareness of such board-commission/committee distinction when it recreated a version of section 92.06 which retained the committee format.
There are other indications in revised chapter 92 which support the conclusion that the Legislature intended the Land Conservation Committee to function as part of the committee structure of county government, despite its rather broad statutorily delegated powers. For instance, section 92.06(1)(d) provides that committee members "shall be paid the same per diem as members of other county board committees" and section92.06(1)(e) provides that "[t]he county board may assign other programs and responsibilities to the land conservation committee."
In addition, several partial vetoes of 1981 Senate Bill 72, which ultimately became chapter 346, Laws of 1981, likewise reflect legislative policy supporting the conclusion reached above. See State ex rel. Kleczka v. Conta, 82 Wis.2d 679,708-09, 264 N.W.2d 539 (1978). The drafting files of the Legislative Reference Bureau indicate that the Governor vetoed two subsections of section 92.06 which would have allowed the Land Conservation Committee to designate its own chairperson and provide for separate budget preparation. The Governor's veto message in references to these vetoes advised in part that "[t]hese sections are vetoed because each county board has its own procedures for choosing committee chairs *Page 176 
and preparing committee budgets." The Governor also advised that he vetoed certain language in section 92.07(1):
 [T]o make it clear that the land conservation committee powers delegated by the state to the county land conservation committees are subject to the approval of the county board. County boards object to "super committees" that are free standing, have non-county board representatives they do not appoint, or have statutory authority not subject to the authority of the county board.
The latter veto was previously discussed in 74 Op. Att'y Gen. 227, 233 (1985).
Under the above-quoted provisions of section 59.031(2)(br), the county executive is the appointing authority for all county department heads, except those departments headed by an official elected by the people or when the statutes provide for appointment by other elected officers, but the executive appoints any department head which would be appointed under the statutes by a board or commission, the county board or the county board chairperson in the absence of a county executive. Chapter 92 contains no express provision for the creation of either a department or a department head, and it is my opinion that the land conservation committee is not a "department head" within the contemplation of the statutes.
Section 92.09 does authorize employment of a staff to assist the county in carrying out its statutory duties and responsibilities under chapter 92. As originally passed by the Legislature, that statute provided:
 The land conservation committee may employ county soil and water conservation staff, subject to the approval of the county board. The county soil and water conservation staff [, under the direction of the committee,] is responsible for the administration of the county soil and water conservation program and may exercise the powers granted to the land conservation committee.
However, the Governor vetoed the bracketed language and submitted the following veto message to the Legislature:
 I have vetoed the language "under the direction of the committee" as it relates to local land conservation committee staff supervision to recognize that various counties may handle their administrative responsibilities differently. For example, land *Page 177 
conservation committee staff could be in a division which reports to a department head, who in return reports to a committee.
This statement, as well as the Governor's other comments explaining his partial vetoes of 1981 Senate Bill 72, evince the intent that the county Land Conservation Committee functions, not as a department head, but as a committee responsible to the county board for carrying out the state land conservation program in a manner as consistent with that individual county's local administrative structure as the language of chapter 92 will permit. In some counties this might, in fact, involve the appointment of a department head by a county executive.
DJH:JCM *Page 178